STATE of Wyoming, ex rel., WYOMING WORKERS' COMPENSATION DIVISION, Appellant (Petitioner Objector–Defendant),

v.

Bernard JERDING, Appellee (Respondent Employee–Claimant).

No. 92–72.

Supreme Court of Wyoming.

Feb. 3, 1994.

Joseph B. Meyer, Atty. Gen., Joe MacGuire, Asst. Atty. Gen., and Gerald W. Laska, Senior Asst. Atty. Gen., for appellant.

Susan Maher Guthrie, Casper, for appellee.

Before MACY, C.J., and THOMAS, CARDINE, GOLDEN and TAYLOR, JJ.

MACY, Chief Justice.

Appellant State of Wyoming, on behalf of the Wyoming Workers' Compensation Division, appeals from the district court order which affirmed the hearing examiner's decision to deny the Division's petition to reopen the case of Appellee Bernard Jerding to terminate his worker's compensation benefits.

We reverse and remand.

The Workers' Compensation Division raised the following issues:

1. Whether the employee-claimant suffered a work-related injury on or about July 2, 1989, as defined in Wyoming Statute § 27–14–102(a)(xi) (1986).

2. Whether an administrative determination of entitlement to benefits is subject to modification as a mistake, under Wyoming Statute § 27–14–605(a), when the original determination was based upon the claimant's fraudulent misrepresentation of essential facts.

3. Whether the four year modification period specifically set forth in W.S. § 27–14–605(a) is superseded by the language in Rule 60(b) of the Wyoming Rules of Civil Procedure.

After considering these issues, this Court determined that additional briefing and argument would help resolve this case. The parties were, therefore, ordered to submit additional briefing to address:

1. Whether, in light of the language of Wyo.Stat. § 27–14–606 (1991), there was a final determination made by the Worker's Compensation Division until a notice of, and an opportunity for, a hearing [was] afforded.

2. Whether an employer, pursuant to Wyo.Stat. § 27–14–601(k) (1991), can file a written objection to continued temporary total disability at any time.

3. Whether the Director of the Department of Employment is empowered to file a written objection, pursuant to Wyo.Stat. § 27–14–601(k) (1991), by Wyo.Stat. § 27–14–607 (1991).

4. Whether, under the circumstances of this case, a determination was made with respect to temporary total disability that would require compliance with Wyo.Stat. § 27–14–605(a) (1991), in order to change the temporary total disability.

Mr. Jerding broke his neck on Sunday, July 2, 1989, in a diving accident at Pathfinder Reservoir. As a result of this injury, the Jerdings filed an employee's accident report and initial claim for benefits with the Workers' Compensation Division. The accident report disclosed that Mr. Jerding, a sales representative for Casper Equipment Rentals, Inc., and his family were "at Pathfinder Lake to discuss Wyoming well projection for Oryx Energy, specifically w/Bill Oldson. Bernard took a dive off a beach (surface); hit head on bottom of lake and broke his neck." Casper Equipment Rentals also filed an employer's report with the Workers' Compensation Division. It acknowledged that Mr. Jerding was a company employee for whom hazardous work premiums were paid but denied having any specific knowledge as to the July 2, 1989, events.

The Workers' Compensation Division made an "Initial Determination" on September 5, 1989, that it was "unable to pay any and all claims, until medical reports [were] received stating how the injury [was] related to [Mr. Jerding's] employment." Mr. Jerding protested this determination and solicited letters in support of his cause from Casper Equipment Rentals, Bill Oldson, and his physician. Casper Equipment Rentals expressed a belief that Mr. ·Jerding was taking care of company business and that he should be afforded coverage. Mr. Oldson confirmed that Mr. Jerding brought a sales proposal to his campsite on July 2, 1989, and asserted that they discussed business for approximately half an hour. Mr. Jerding's physician stated that Mr. Jerding had been in ·his constant care since the date of the accident and enclosed Mr. Jerding's operative reports. On the basis of this information, the Workers' Compensation Division made a "Final Determination" on September 18, 1989, that Mr. Jerding had sustained a compensable injury.

Mr. Jerding received worker's compensation benefits without any apparent interruption until September 11, 1991. On that date, the Workers' Compensation Division issued a "Determination of Disputed Claim." This document informed Mr. Jerding that the Workers' Compensation Division no longer believed that he had suffered a compensable injury as defined in Wyo.Stat. § 27–14–102(a)(xi) (Supp.1993).[1] It also notified Mr. Jerding that all benefits would cease effective October 1, 1991, and apprised him of his right to have a hearing. Mr. Jerding invoked his right to have a hearing and moved for a more definite statement in preparation therefor. In response to an order which was subsequently issued, the Workers' Compensation Division clarified its position in relevant part as follows:

1. The Workers' Compensation Division appears to have made a mistake in this case in awarding benefits due to the fact that a review of the file indicates that the Employee/Claimant's injuries are not work-related and that any current claims are, therefore, not compensable.

2. The Division is requesting a modification in this case to terminate benefits for all future claims based upon the fact that such claims would not appear to be work-related and, therefore, not within the definition of injury. It is the Division's position that, as a governmental agency, it should not continue to pay claims that are not compensable simply because a mistake was made in assessing the validity of past claims.

A hearing was held on November 5, 1991, before a hearing examiner. Because the Workers' Compensation Division sought to modify and terminate Mr. Jerding's benefits on the basis of a mistake having been made, the hearing addressed the Division's ability to reopen the case under either Wyo.Stat. § 27–14–605(a) (1991) or W.R.C.P. 60(b).[2]

1. Section 27–14–102(a)(xi) provides in most relevant part:

(xi) "Injury" means any harmful change in the human organism other than normal aging and includes damage to or loss of any artificial replacement and death, arising out of and in the course of employment while at work in or about the premises occupied, used or con-

trolled by the employer and incurred while at work in places where the employer's business requires an employee's presence and which subjects the employee to extrahazardous duties incident to the business.

2. Section 27–14–605(a) provides:

The Workers' Compensation Division's position, as reflected in its opening argument, was that, in light of this Court's subsequently issued opinion in *State ex rel. Wyoming Worker's Compensation Division v. Mahoney*, 798 P.2d 836 (Wyo.1990), it mistakenly awarded benefits to Mr. Jerding. It argued that, like Ms. Mahoney, Mr. Jerding should have been denied benefits because his injury was incidental to recreational swimming rather than covered employment. It was during the Workers' Compensation Division's attempt to demonstrate that Mr. Jerding was injured while he was swimming for recreation that facts initially surfaced which serve as the basis for this appeal.

Mr. Jerding was the only witness to testify at the hearing. During the first part of the questioning by the Workers' Compensation Division, Mr. Jerding repainted the picture which had been previously painted in 1989. The original picture was one of Mr. Jerding and his family milling around Mr. Oldson's campsite to discuss business when Mr. Jerding decided to make the unfortunate dive into the reservoir. The following excerpts are illustrative:

> Q. What happened after you gave your proposal to Mr. Oldson?

> (a) If a determination is made in favor of or on behalf of an employee for any benefits under this act, an application may be made to the division by any party within four (4) years from the date of the last payment for additional medical and disability benefits or for a modification of the amount of benefits on the ground of increase or decrease of incapacity due solely to the injury, or upon grounds of mistake or fraud.

Before its revision in 1992, W.R.C.P. 60(b) provided:

> (b) *Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud, etc.*— On motion, and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a

> A. Well, I visited with him. And then he said, you know, it would be a little while before he could get back together with me.

> So, we—I just hung around there on the beach for a while. And when it was time to go see Bill, you know, when I was gathering up everybody, I decided to cool off in the lake before I went up to visit with him.

> That's when I broke my neck.

> . . . .

> Q. You wouldn't allege or indicate to me that at the time you were diving into the lake that was business-related, was it?

> A. Well, the only reason I was out there was to meet with this man. And when I dove into the lake it was to cool off, to go up to his campsite.

> . . . .

> Q. All right. What happened after they pulled you out of the lake? Did somebody call an ambulance or something?

> A. Well, I thought I had broken my shoulder bone because I couldn't move this side of my upper body here. And this arm, the only relief of pain was when this arm was held up, physically held up here. So, I thought I had broken something here.

prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within one (1) year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding as provided in sections 3-3801 [§ 1-16-401], 3-3805 [repealed, § 1, ch. 188, Laws 1977], and 3-3810 [§ 1-16-408], W.C.S.1945, or to grant relief to a party against whom a judgment or order has been rendered without other service than by publication as provided in section 3-3802 [§ 1-16-402], as amended. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

So, we loaded myself—well, I got helped into my truck, and we started down the highway toward the hospital.

As the result of further inquiry, the scene portrayed in the picture changed in kaleidoscopic fashion. It turned out that Mr. Jerding and his family, along with a family friend, left Casper for the reservoir around mid-day on July 2, 1989, towing the family's boat. Mr. Jerding delivered the proposal to Mr. Oldson and talked business with him for approximately one-half hour. Mr. Jerding, his family, and the friend then went boating and ultimately ended up on a beach on the other side of the reservoir. It was from this beach that Mr. Jerding dove into the reservoir and sustained his injury. Mr. Jerding estimated that the accident occurred within forty-five minutes of the time he left Mr. Oldson's campsite, while Mrs. Jerding asserted in the accident report that the accident occurred at approximately six o'clock in the evening, involving a time span of several hours. In any event, Mr. Jerding was pulled from the reservoir by his friend, transported across the lake by boat, and taken in his truck to receive medical attention.

The hearing examiner commented at length after hearing the evidence. His position was essentially that no evidence had been presented which the Workers' Compensation Division could not have discovered in 1989. He ruled that the Workers' Compensation Division failed to establish that a mistake of a material fact had been made or that any other ground for relief from finality existed as provided for in § 27–14–605(a) or W.R.C.P. 60(b). Accordingly, the hearing examiner issued an order which denied the Workers' Compensation Division's request to reopen the case and required the Division to continue providing Mr. Jerding with worker's compensation benefits. The district court affirmed this order after a judicial review,

except on different grounds. The district court ruled that § 27–14–605(a) did not afford the relief requested by the Workers' Compensation Division, i.e., termination of benefits, and that the Division was time barred from reopening the case under W.R.C.P. 60(b). This appeal ensued.

█ The first issue we confront on appeal is whether the district court erroneously ruled that § 27–14–605(a) did not afford the relief requested by the Workers' Compensation Division. The district court relied upon *Mini Mart, Inc. v. Wordinger*, 719 P.2d 206 (Wyo.1986), to conclude that, under W.R.C.P. 60(b), a petition to reopen a case to terminate benefits must be made within one year of the award. Its reliance upon *Mini Mart, Inc.* was misguided as significant changes in the law have occurred since we decided that case.

*Mini Mart, Inc.* involved a petition to terminate worker's compensation benefits under either Wyo.Stat. § 27–12–606 (1983) [3] or W.R.C.P. 60(b). A Mini Mart employee filed the petition, asserting that a mistake made in her employer's accident report resulted in an erroneous award of benefits. The trial court decided that W.R.C.P. 60(b) governed the case, as § 27–12–606 spoke of "modification" rather than "termination" of benefits, and awarded the relief requested. We affirmed on appeal, stating:

> Since an award of worker's compensation is a "judicial determination" pursuant to § 27–12–607,[4] we think the trial court was correct in determining that the action was one for relief from a judgment or order and should be decided under Rule 60(b), W.R.C.P.

719 P.2d at 208.

The entire Wyoming Worker's Compensation Act was repealed in 1986 and recreated as Wyo.Stat. §§ 27–14–101 to –804 (1987). 1986 Wyo.Sp.Sess.Laws ch. 3. As part of the

---

3. Section 27–12–606 was repealed and recreated as § 27–14–605 in 1986 without significant textual revision.

4. Wyo.Stat. § 27–12–607 (1983) provided in pertinent part:
   Every award within the meaning of this act [§§ 27–12–101 to –804] is a judicial determination of the rights of the employer, the employee and the disposition of money within the vari-

ous accounts provided under this act as to all matters involved. Except as otherwise provided, the Wyoming Rules of Civil Procedure shall govern in matters before the courts of this state in reference to this act.
   This statutory section was repealed and recreated as § 27–14–606 in 1986 with significant textual revision.

1986 revision, worker's compensation decisions were entrusted to the executive branch of government. Wyo.Stat. § 27–14–606 (1991), which replaced § 27–12–607, now provides:

> Each determination or award within the meaning of this act is an administrative determination of the rights of the employer, the employee and the disposition of money within the worker's compensation account as to all matters involved. No determination shall be final without notice and opportunity for hearing as required by this act.

Because an award of worker's compensation benefits is no longer a "judicial determination," we do not believe that, under the circumstances of this case, the modification or termination of such an award should be governed by the one-year statute of limitations contained in W.R.C.P. 60(b). The revised W.R.C.P. 60(b) recognizes that its terms may be superseded by specific legislation.

█ The Legislature has addressed the area presently under consideration in § 27–14–605(a), which provides:

> (a) If a determination is made in favor of or on behalf of an employee for any benefits under this act, an application may be made to the division by any party within four (4) years from the date of the last payment for additional medical and disability benefits or for a modification of the amount of benefits on the ground of increase or decrease of incapacity due solely to the injury, or upon grounds of mistake or fraud.

The debate in this case centers on whether the Workers' Compensation Division may petition under this reopening provision to terminate benefits awarded by mistake. In our quest to resolve this debate, our primary objective is to ascertain and give effect to the lawmakers' intent. Our effort to do so is governed by some well established rules of statutory construction. These rules were comprehensively reviewed in our recent case of *Parker Land and Cattle Company v. Wyo-*

*ming Game and Fish Commission*, 845 P.2d 1040 (Wyo.1993), and will be followed here.

The plain language of § 27–14–605(a) grants any party—employee, employer, or the Workers' Compensation Division—a four-year window in which to petition to reopen a case for: (1) additional medical and disability benefits; or (2) modification of the amount of benefits because (a) of an increase or decrease of incapacity due solely to the injury, or (b) a mistake or fraud has occurred. While a plain reading of this statute does not readily expose any glaring ambiguity, the facts of this case uncover a logical ambiguity which must be resolved. The logical ambiguity lies in the fact that the Legislature has created a vehicle whereby the Workers' Compensation Division, among others, may reopen a case on the grounds of mistake or fraud but has ostensibly limited the remedy available to that of "modification."

The term "modification" indicates a change or alteration, not obliteration or extinguishment. Defined as such, the term is appropriate for the lion's share of § 27–14–605(a) cases; i.e., petitions to increase or decrease compensation due to a change in condition arising solely from the injury. However, applying the same definition to cases in which the original award was made by mistake or procured by fraud is nonsensical. We perceive no public policy which favors the payment of any portion of an unjustified worker's compensation claim. The purpose of § 27–14–605(a) is to balance the concept of finality with the desire to see that a claimant receives no less and no more than that to which he is lawfully entitled. *See Conn v. Ed Wederski Construction Company*, 668 P.2d 649 (Wyo.1983) (discussing § 27–12–606); *see generally* 3 ARTHUR LARSON, THE LAW OF WORKMEN'S COMPENSATION §§ 81.10, 81.51(a) & (b), & 81.52(b) (1989). Consistent with this purpose, we hold that the Workers' Compensation Division may petition to reopen a case under § 27–14–605(a) for the purpose of terminating worker's compensation benefits originally awarded by mistake or procured by fraud.[5]

---

**5.** For many years prior to the 1986 revision, the Wyoming Worker's Compensation Act contained an express provision relating to the termination of benefits. This provision was last codified at Wyo.Stat. § 27–12–614 (1983) and provided in pertinent part:

The second issue we confront on appeal is whether the hearing examiner erroneously ruled that the Workers' Compensation Division failed to present evidence indicating that a mistake had occurred or that other grounds existed to justify reopening the case under § 27–14–605(a). We have stated that, in order to reopen a case under § 27–14–605(a) because a mistake has been made, the mistake must be one of material fact. *Prentice Clark House v. State ex rel. Worker's Compensation Division,* 701 P.2d 1162 (Wyo.1985); *Conn,* 668 P.2d 649. Whether an injury is compensable is a question of fact. *Western Power Service & Construction v. Van Matre,* 657 P.2d 815 (Wyo. 1983).

A review of the record leads us ineluctably to the conclusion that the Workers' Compensation Division produced an abundance of evidence at the November 5, 1991, hearing to support its petition. We hold that the hearing examiner's actions were arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law when he denied the Workers' Compensation Division's petition to reopen this case. Wyo.Stat. § 16–3–114(c)(ii)(A) (1990).

Reversed and remanded for an evidentiary hearing on the issue of whether Mr. Jerding's worker's compensation benefits should be terminated upon grounds of mistake.

THOMAS, Justice, dissenting.

I can readily agree with the determination by the majority that this case should be reversed and remanded. I analyze the statutes somewhat differently from the majority, however, and I would reverse and remand for an evidentiary hearing with respect to whether Mr. Jerding's injury was one "arising out of and in the course of employment while at work in or about the premises occupied, used or controlled by the employer" or ,

"incurred while at work in places where the employer's business requires an employee's presence and which subjects the employee to extrahazardous duties incident to the business." Wyo.Stat. § 27–14–102(a)(xi) (1993).

The point of departure for my views is my agreement with the rationale employed in the majority opinion to reject the application of the one-year period of limitation set forth in Wyo.R.Civ.P. 60(b). Specifically, I look to Wyo.Stat. § 27–14–606 (1991), also quoted in the majority opinion, which provides:

Each determination or award within the meaning of this act is an administrative determination of the rights of the employer, the employee and the disposition of money within the worker's compensation account as to all matters involved. **No determination shall be final without notice and opportunity for hearing as required by this act.** (Emphasis added.)

I cannot agree, however, in light of this statute, reliance by the majority upon Wyo. Stat. § 27–14–605(a) (1991) is appropriate. That statute begins with this phrase, "[i]f a determination is made in favor of or on behalf of an employee for any benefits under this act * * *." In my judgment, the invocation of that statutory provision has to depend upon a determination that has achieved at least administrative finality in light of the language of Wyo.Stat. § 27–14–606. In this instance, the only hearing was the one out of which this appeal arises and which led to the following provisions in the Order Denying Objector–Defendant's Requested Relief and Directing Continued Payment of Benefits:

11. The Division's September 18, 1989, "FINAL DETERMINATION" constituted an administrative determination as to all matters involved, including but not limited to the matter of whether Employee–Claimant's July 2, 1989, broken neck constituted

The director may reopen any case in which an order of award has been made. He shall petition for the reopening of the case and file it with the court which granted the award, within thirty (30) days after the date on which he received the order of award. The petition must show probable cause for error in the amount of the award, the character of the award, or the grounds on which the award was

made, and may specify as a reason for reopening the case existing evidence not given in the original hearing, showing the general nature and effect of such evidence.

The Legislature deleted this provision in 1986 without giving any explanation. While we do not understand why this was done, we have the responsibility to construe § 27–14–605(a) in a reasonable and practical manner.

a compensable injury under the Wyoming Workers' Compensation Act.

12. As such, the Division's September 18, 1989, decision was entitled to finality, from which the Division may seek relief pursuant to Section 27–14–605, W.S.1986, or Rule 60(b), W.R.C.P.

I, therefore, would remand for a hearing on the question I have posed since the disposition by the hearing examiner was simply procedural.

As one tracks the handling of claims through what is now a rather convoluted statutory scheme, it is clear the statutory procedure was followed. Ultimately, the division denied further benefits, and Jerding requested the initial administrative hearing. While this outline of the statutory procedure for managing claims may be too cryptic, it provides that the initial filings by both the employee and the employer are made with the clerk of court of the county in which the accident occurred. WYO.STAT. §§ 27–14–502(a) (1991) and 27–14–506(a) (1991). An initial claim for temporary total disability benefits is to be filed with the clerk of court who is to transmit a copy to the division, and any subsequent claim is to be filed with the division. WYO.STAT. § 27–14–501(e) (1991). It appears administration of the claims is to be accomplished by the division.

The division makes the determination as to compensability, and notice is required to the employer, employee, and the clerk of court. Objections are required within ten days except that an employer objecting to a determination for continued temporary total disability is not subject to the ten-day requirement. WYO.STAT. § 27–14–601(d) (1991). The same exception is preserved in WYO.STAT. § 27–14–601(k)(1991), relating to a presumption of consent to the determination, and the last sentence of this statute is particularly telling:

> **If an objection is not filed by an employee, the division shall proceed in accordance with a determination of continued temporary total disability until such time as written objection may be filed by an employer.** (Emphasis added.)

The division is afforded the rights of an employer in connection with claims:

> The director or his designee may for any reason appear before the hearing examiner or in the district court and defend against any claim and shall in all respects have the same rights of defense as the employer. Failure to contest a claim does not constitute waiver by the director of his right to participate in further proceedings concerning the award where he does not appear and defend at the original hearing or trial.

WYO.STAT. § 27–14–607 (1991).

This statutory language is still the same as it was when it was interpreted in *Wyoming State Treasurer ex rel. Worker's Compensation Div. v. Svoboda,* 573 P.2d 417, 420 (Wyo. 1978):

> The division, by statute, is granted rights equivalent to those of an employer, which include the rights to challenge any claim or move to reopen any award.

In light of this statutory procedure which resulted in a purely procedural disposition by the hearing examiner, I would reverse and remand this case but, as I noted previously, for a hearing as to whether this was a covered injury within the meaning of WYO.STAT. § 27–14–102(a)(xi). The information in this record makes it questionable whether Jerding could sustain his burden of proof on that issue, but it should be submitted to the finder of fact rather than a question of whether benefits can be terminated upon grounds of mistake or fraud. The latter issue is not really present in this case because of the fact that, in the absence of any hearing, there was no determination during the course of the administration of this claim that would satisfy WYO.STAT. § 27–14–605(a).