Matter of the **WORKER'S COMPENSA-TION CLAIM OF Douglas A. HOWTON, an Employee of Arrow Moving and Storage, Inc.**

Douglas A. **HOWTON, Appellant (Plaintiff),**

v.

The **STATE of Wyoming, ex rel. WYOMING WORKER'S COMPENSATION DIVISION, Appellee (Defendant).**

No. 94–208.

Supreme Court of Wyoming.

July 20, 1995.

Rehearing Denied Aug. 16, 1995.

Donna D. Hoffdahl, Cheyenne, for appellant.

J.C. DeMers, Sp. Asst. Atty. Gen., Cheyenne, for appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

LEHMAN, Justice.

Appellant Douglas A. Howton appeals from a denial of his attempt to modify his worker's compensation award based on an alleged mistake in the calculation of that award.

We affirm.

Appellant raises three issues:

Issue 1

Was the Hearing Examiner's decision arbitrary and capricious or otherwise not in accordance with the law[?]

    a. The Division's failure to abide by its own rules and regulations is per se arbitrary and capricious making the Hearing Examiner's decision to deny modification per se arbitrary and capricious.

    b. The Employee–Claimant was able to prove that a mistake had occurred making the Hearing Officer's decision arbitrary and capricious or otherwise not in accordance with the law.

Issue 2

Whether there is sufficient evidence to conclude that there was no mistake in the calculation of the Claimant's loss of earning award.

Issue 3

Whether the Hearing Examiner's decision must be reversed when the Division does not observe procedures required by case law.

The Wyoming Worker's Compensation Division responds with two issues:

A. Has the Appellant raised new issues for the first time in his brief that should be denied consideration?

B. Is the Hearing Examiner's decision in denying the employee any increase in his previous permanent partial disability award of 73% to the body as a whole supported by substantial evidence?

## FACTS

On April 6, 1993, appellant was given a 17 percent loss of earnings award, which was in addition to a previous loss of earnings award of 47 percent and an 8 percent award for permanent impairment of the whole body. Appellant accepted the money and did not appeal that award.

On June 15, 1993, appellant sent a letter requesting a modification of his award. Appellant alleged, pursuant to W.S. 27–14–605(a) (June 1991),[1] that a mistake had been made in the calculation of the 17 percent award and that the agency failed to articulate, on the record, how that award was calculated. Using his own calculations, appellant attempted to prove at a hearing that he was entitled to a higher award.

The hearing officer denied the request for modification concluding that appellant had failed to carry his burden of proving that a mistake had occurred. The hearing officer subsequently denied appellant's Motion to Reconsider. Appellant then petitioned for judicial review, and the district court affirmed the hearing officer. Appellant timely appeals to this court.

## STANDARD OF REVIEW

In reviewing a district court's decision on appeal from a worker's compensation proceeding before a hearing officer, we give no special deference to the district court. *Claim of Mitchell,* 876 P.2d 984, 987 (Wyo. 1994). We will uphold an agency's findings of fact if they are supported by substantial evidence. *Aanenson v. State ex rel. Worker's Compensation Div.,* 842 P.2d 1077, 1079 (Wyo.1992). We accord no deference to an

---

1. W.S. 27–14–605(a) was amended after this case began, effective July 1, 1994. The amendments do not affect the disposition of this case.

agency's conclusions of law, however, and we will uphold those conclusions only if they are in accordance with law. *Employment Sec. Comm'n v. Western Gas Processors, Ltd.,* 786 P.2d 866, 871 (Wyo.1990).

## DISCUSSION

■ Appellant argues that the hearing officer erred in refusing to modify his award based on a mistake. The mistake, according to appellant, is the omission of any calculations or reasons for the 17 percent award. Furthermore, appellant claims that he introduced evidence which proves that he is entitled to a greater amount. Accordingly, appellant asks us to reverse the hearing officer's decision and allow modification of his award.

Modification of an award for worker's compensation is authorized by W.S. 27–14–605(a) (June 1991):

If a determination is made in favor of or on behalf of an employee for any benefits under this act, ***an application may be made to the division by any party*** within four (4) years from the date of the last payment for additional medical and disability benefits or ***for a modification of the amount of benefits*** on the ground of increase or decrease of incapacity due solely to the injury, or ***upon grounds of mistake*** or fraud.

(Emphasis added.) We have previously addressed the purpose and meaning of this statute:

An award, being characterized as a judicial determination, is subject to the concept of finality. Given this proposition, [W.S. 27–14–605(a)], represents an attempt by the legislature to balance the concept of finality as applied to worker's compensation awards with the need to assure that injured workmen receive the full amount of any benefits to which they are entitled under the law. The grounds, however, for reopening are limited. * * *

\* \* \* \* \* \*

Other jurisdictions having statutes which provide for the reopening of worker's compensation cases on the ground of mistake have limited relief under their statutes to those situations in which a mistake in the determination of a material fact has been made by a fact finder.

*Conn v. Ed Wederski Const. Co.,* 668 P.2d 649, 653 (Wyo.1983); *see also State ex rel. Worker's Compensation Div. v. White,* 837 P.2d 1095, 1099 (Wyo.1992).

■ Appellant's complaint is predicated upon the failure of the agency to explicate its reasons for reaching an award of 17 percent. Such a failure is an abuse of discretion on the part of the agency. *Holding's Little America v. Bd. of County Comm'rs,* 670 P.2d 699, 703–04 (Wyo.1983). The Administrative Procedure Act requires agencies to disclose by the evidence and the record the facts upon which its actions are based. *Holding's,* 670 P.2d at 704; *Glenn v. Bd. of County Comm'rs,* 440 P.2d 1, 5 (Wyo.1968). Thus an agency will be reversed if the reasons underlying the action are not disclosed, whether the final conclusion of the agency is correct or not because without such enunciation we cannot perform our legislatively mandated review. *Id.*

If appellant had made a direct appeal from the agency's decision, we would have been compelled to reverse. However, appellant accepted the benefits of that award; and, instead, appellant later sought modification of his award based on a mistake of material fact pursuant to W.S. 27–14–605(a). The failure of the Worker's Compensation Division to divulge the reasons behind its conclusion that appellant was entitled to a 17 percent additional award was a procedural error, not one of fact. Such an error is not contemplated as grounds for modification under the statute. W.S. 27–14–605(a) cannot be used to circumvent the doctrine of finality. Only errors relating to material facts, not agency procedure, may be challenged via a motion to modify under 605(a).

## CONCLUSION

The balance between finality and providing a worker with his full entitlement of benefits tips in favor of finality in this case because

the asserted error is one of procedure not of fact.

Affirmed.