**In the Matter of the Worker's Compensation Claim of Charles FRITZ, an Employee of United Parcel Service.**

**Charles FRITZ, Appellant (Claimant),**

v.

**STATE of Wyoming, ex rel., WYOMING WORKERS' SAFETY AND COMPENSATION DIVISION; and United Parcel Service, Appellees (Respondents).**

**No. 96–68.**

Supreme Court of Wyoming.

May 29, 1997.

---

Donald L. Painter, Casper, for appellant.

William U. Hill, Attorney General; John W. Renneisen, Deputy Attorney General; Gerald W. Laska, Senior Assistant Attorney General; and Jennifer A. Evans, Assistant Attorney General, Cheyenne, for Appellee State ex rel. Wyoming Workers' Safety and Compensation Division.

George Santini of Santini Law Offices, Cheyenne, for Appellee United Parcel Service.

Before TAYLOR, C.J., and THOMAS, MACY, and LEHMAN, JJ., and KALOKATHIS, District Judge.

TAYLOR, Chief Justice.

Appellant received worker's compensation benefits for nearly a year for a 1993 injury incurred while working for United Parcel Service. When appellant submitted claims in November 1994, however, the Wyoming Workers' Safety and Compensation Division denied the claims maintaining that the current injuries were caused by a non-work related incident in 1992. After an evidentiary hearing, the hearing examiner held that appellant failed to prove his current injury was causally related to the 1993 work incident. On petition for review, the district court affirmed the order denying benefits.

We affirm.

## I. ISSUES

Appellant, Charles Fritz (Fritz), presents a single issue for review:

1. Whether the Office of Administrative Hearings had jurisdiction to enter an Order Terminating Benefits under the circumstances of this case.

Appellee, United Parcel Service (UPS), raises two issues:

1. Did the Office of Administrative Hearings correctly conclude that Fritz failed to meet his burden of proof that the benefits he was claiming arose from a work-related injury?

2. Is there substantial evidence to support the hearing officer's finding that Claimant's current medical problems, for which he is seeking workers' compensation benefits, arose from a severe closed-head injury sustained in August of 1992, rather than a work-related incident in February of 1993?

Appellee, State ex rel. Wyoming Workers' Safety and Compensation Division (Division), also offers two issues:

A. Whether payment of workers' compensation benefits for an injury mandates continuing payment of those benefits unless a modification is sought under Wyo.Stat. § 27–14–605.

B. Whether the record supports the hearing examiner's determination that Claimant failed to prove his current medical needs and disability arose out of and in the course of his employment.

## II. FACTS

Fritz's medical difficulties began in August 1992 when he suffered a severe head injury after a fall at his father-in-law's apartment building. Fritz was taken to the hospital, where he remained in a coma for two weeks and was hospitalized for over a month. After three months of recuperation, Fritz returned to his job as a loader at UPS. Between November 1992 and February 1993, Fritz called in sick at least twice due to severe headaches.

On February 17, 1993, Fritz was treated at the Wyoming Medical Center emergency room in Casper, Wyoming for head trauma after several packages fell on his head while at work. According to Fritz, this was not an uncommon occurrence. The emergency room report for that date states that Fritz also reported he had been experiencing personality changes and worsening memory. A CT scan and physical examination revealed a medical condition consistent with the August 1992 injury, but no evidence of recent trauma.

Fritz did not report the incident to UPS, but returned to work the next day and continued working from February until May 1993. From May 10, 1993 through July 23, 1993, Fritz was absent from work due to a wrist injury which occurred when Fritz suffered a seizure at a friend's house. Again, he did not report his extended absence as the result of the 1993 work-related incident. On July 26, 1993, Fritz returned to work until August 1993, when he voluntarily resigned to go to work in the oil field.

Two to three months later, Fritz was terminated from his new job due to lack of work. Shortly thereafter, on December 29, 1993, he made his first report of the February 17, 1993 incident and filed a worker's compensation claim for a head injury. UPS

did not object to the original claim and the Division subsequently granted the claim for benefits. Fritz received medical and total temporary benefits from that time through October 1994, primarily for treatment of seizures.

When Fritz submitted his claims in November 1994, UPS objected. The Division then notified Fritz that his claims were denied on the ground that his current condition arose out of the initial head injury in 1992, not the 1993 work-related incident. In addition, UPS and the Division claimed that Fritz failed to timely file his original claim.

The matter was referred to the Office of Administrative Hearings and an evidentiary hearing was held on September 12, 1995. Fritz claimed that because UPS and the Division did not file a petition for modification of benefits pursuant to Wyo.Stat. § 27–14–605(a) (1991), they were estopped from raising issues regarding the original filing and the causation of Fritz's head injury. The hearing examiner partially agreed. He held that UPS and the Division could not challenge the timeliness of the original filing or contest any previously paid claims. In regard to outstanding claims, however, the hearing examiner found that Fritz failed to prove that his claims arose out of and in the course of his employment with UPS.

Fritz then filed a petition for review with the district court. The district court affirmed the hearing examiner's order, but questioned the procedural posture of the case due to the Division's failure to file a petition for modification. Nonetheless, the district court found the procedural error was harmless because the hearing examiner would reach the same result on remand.

## III. STANDARD OF REVIEW

 Judicial review of an administrative agency action is conducted in accordance with Wyo.Stat. § 16–3–114(c) (1990). W.R.A.P. 12.09. Pursuant to Wyo.Stat. § 16–3–114(c)(ii)(A), the reviewing court will "[h]old unlawful and set aside agency action, findings and conclusions found to be * * * [a]rbitrary, capricious, an abuse of discretion or otherwise not in accordance with law[.]"

When reviewing an administrative agency action, we accord no special deference to the district court's decision, instead reviewing the action as if it came directly from the agency. *Martinez v. State ex rel. Wyoming Workers' Compensation Div.*, 917 P.2d 619, 621 (Wyo.1996); *Wyoming Steel & Fab, Inc. v. Robles*, 882 P.2d 873, 875 (Wyo.1994). An administrative agency's findings of fact will not be adjusted unless clearly contrary to the overwhelming weight of the evidence. *Robles*, 882 P.2d at 875.

 We do not afford the same deference, however, to an administrative agency's conclusion of law. An administrative agency decision is affirmed only if the conclusion of law is correct; otherwise, we correct it. *Matter of Corman*, 909 P.2d 966, 970 (Wyo. 1996). When the determination before us is a mixed question of fact and law, we defer to the administrative agency's findings of basic fact but correct misapplications of the law to those facts. *Aanenson v. State ex rel. Wyoming Workers' Compensation Div.*, 842 P.2d 1077, 1080 (Wyo.1992).

## IV. DISCUSSION

Fritz contends that the Division's initial determination of compensability is a final decision which precludes "re-litigation" of this issue unless the Division files and proves a request for modification under Wyo.Stat. § 27–14–605. On this basis, Fritz concludes that the failure to file a petition for modification was a jurisdictional error which precluded the hearing examiner from making any determinations regarding benefits. In addition, Fritz claims that appellees failed to meet their burden of proof for modification of benefits.

We recently considered essentially the same issues raised by Fritz in *Tenorio v. State ex rel. Wyoming Workers' Compensation Div.*, 931 P.2d 234 (Wyo.1997) and *Martinez*, 917 P.2d 619.

 Under the language of Wyo.Stat. § 27–14–606 (1991), *each* determination or award is a separate administrative decision and, therefore, the modification provision is not applicable. The burden of proof remains with the claimant to show that his outstand-

ing claims result from a work-related injury. *Tenorio,* 931 P.2d at 238; *Martinez,* 917 P.2d at 621. An uncontested approval of benefits is not a final adjudication which precludes consideration of the causation of an injury regarding future claims. *Tenorio,* 931 P.2d at 239.

 The hearing examiner correctly separated past from future claims. Absent a petition for modification, appellees may not challenge the existence of the February 1993 work-related injury or the timeliness of Fritz's original claim for benefits. Neither can the Division request repayment of any benefits already received by Fritz. These are matters which the hearing examiner properly found to be settled unless "reopened" pursuant to Wyo.Stat. § 27–14–605. This limitation does not apply, however, to the requirement that Fritz must prove the causal relationship between his *outstanding* claims and the work-related incident.

 The hearing examiner's determination that Fritz failed to meet this burden is adequately supported by the record. On review, our role is not to re-evaluate the evidence, but rather to see if the record presents sufficient evidence to support the hearing examiner's conclusion. *Bohren v. State ex rel. Wyoming Workers' Compensation Div.,* 883 P.2d 355, 357 (Wyo.1994).

There is no question that Fritz sustained an extremely serious closed-head injury in August 1992. Fritz received anti-seizure medication for a period of time after his August 1992 injury and did not exhibit seizure activity until several months after that medication was terminated. Fritz's treating physicians noted that seizure activity can start as long as several years after an initial head trauma. These same witnesses failed to state any definitive opinion with regard to the cause of the seizure activity for which Fritz claimed benefits.

In comparison, the evidence regarding the date and extent of Fritz's work-related injury is less than clear. Consequently, the hearing examiner's conclusion that "[t]he evidence * * * demonstrates that [the] current claims for benefits are most likely and probably the result of the severe closed-head injury sustained in August of 1992, rather than the relatively minor trauma of February 1993," is amply supported by the record.

## V. CONCLUSION

Fritz failed to marshal sufficient evidence to show that his outstanding claims were the result of a work-related injury. The district court and the order denying benefits are affirmed.