**In the Matter of the Worker's Compensation Claim of Denise F. SMITH, Appellant (Petitioner),**

v.

**STATE of Wyoming, ex rel., WYOMING WORKERS' SAFETY AND COMPENSATION DIVISION, Appellee (Respondent).**

**No. 97–290.**

Supreme Court of Wyoming.

Oct. 14, 1998.

R. Michael Vang of Kirkwood, Nelson & Vang, Laramie, for Appellant (Petitioner).

William U. Hill, Attorney General; John W. Renneisen, Deputy Attorney General; Gerald W. Laska, Senior Assistant Attorney General; and Bernard P. Haggerty, Assistant Attorney General, Cheyenne, for Appellee (Respondent).

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN and TAYLOR,* JJ.

TAYLOR, Justice.

Appellant, Denise F. Smith (Smith), underwent surgery shortly after she accepted a permanent partial disability award. She then sought to re-institute her temporary total disability benefits, claiming her acceptance of permanent benefits was premised on her erroneous belief that it would not preclude her receipt of future temporary disability payments. Finding no cognizable "mistake" under Wyo. Stat. § 27–14–605(a) (1997), the hearing examiner denied her request. We affirm.

## I. ISSUES

Two questions were identified in the certification of this case by the district court pursuant to W.R.A.P. 12.09:

> Following the repeal and rewriting of the Wyoming Workers' Compensation Act in 1986 and the decision in *State ex rel. Workers' Compensation v. Jerding*, 868 P.2d 244, 248–49 (Wyo.1994), does a mistake pursuant to W.S. § 27–14–605(a) require a showing of a material mistake of fact made by the "fact finder"?

> If it does not, did the Petitioner establish a mistake pursuant to W.S. § 27–14–605(a), which would allow her to recover temporary total disability benefits for the time period that she had not been released to return to work and had not reached maximum medical improvement?

## II. FACTS

The following facts are recounted from the stipulated statement of facts attached to the

---

* Chief Justice at time of oral argument.

district court's order certifying the case to this court. In July 1994, Smith suffered a compensable injury while at work. From September 1, 1994 through July 1, 1995, Smith received temporary total disability benefits (temporary benefits) pursuant to Wyo. Stat. § 27–14–404 (Cum.Supp.1994). In August 1995, Smith's physician certified that she had reached maximum medical improvement, and the Wyoming Workers' Safety and Compensation Division (Division) issued a permanent partial disability award which Smith accepted. Her temporary benefits were then discontinued.

Approximately three months later, Smith underwent additional surgery for her injury. The Division paid for her medical costs, but denied her application under Wyo. Stat. § 27–14–404(b) for additional temporary benefits. Thus began a long and procedurally tortuous route to this court.

Smith objected to the Division's determination, and at her first contested case hearing argued the Division was equitably estopped from denying her additional benefits. She asserted she misunderstood the limitations on further receipt of temporary benefits, and the misunderstanding was created by the Division in the last paragraph of its letter awarding permanent benefits.[1] The hearing examiner rejected this argument, finding Smith had not returned to work as required for additional temporary benefits under Wyo. Stat. § 27–14–404(b), and that the Division's letter contained no misrepresentations regarding the availability of future benefits. The hearing examiner noted that Smith's medical costs had been paid, and no request for benefits under Wyo. Stat. § 27–14–605(a) had been submitted. Therefore, the hearing examiner declined to address Smith's eligibil-ity for additional benefits under that provision.

Smith then filed an application for benefits based on a "mistake of fact" under Wyo. Stat. § 27–14–605(a), which allows an extension or modification of benefits for "increase or decrease of incapacity due solely to the injury, or upon grounds of mistake or fraud."[2] The Division denied Smith's application, and Smith again objected.

At the initial contested case hearing to address this issue, Smith presented her own testimony and that of her doctor. Smith's doctor testified that at the same time he was doing Smith's impairment rating, he was also trying to evaluate her to determine if she would need a second surgery. He stated that when he made Smith's impairment rating, he did not believe she was at maximum medical improvement and, although not sure, he realized further surgery might be required. Smith's doctor further testified he was under the assumption his maximum medical improvement certification would have no effect on Smith's ability to receive future temporary benefits, and had he known, he would not have certified her at maximum medical improvement. Smith testified she discussed the possibility of surgery with her doctor while she was undergoing her impairment evaluation. She pointed out that the only reason she accepted the impairment award was because she believed she was automatically eligible for future disability benefits due to her original injury.

The hearing examiner did not reach the merits of Smith's claim, however, finding that the claim was barred under the principles of res judicata and collateral estoppel because Smith failed to raise this issue at the first hearing. On appeal, the district court disagreed, and the case was remanded to the

---

1. The last paragraph of the letter stated:

   You will continue to receive medical treatment for problems related solely to the original injury and the acceptance of the award does not prevent future claims of additional disability resulting from the original injury as specified under W.S. § 27–14–605.

2. Wyo. Stat. § 27–14–605(a) provides:

   If a determination is made in favor of or on behalf of an employee for any benefits under this act, an application may be made to the division by any party within four (4) years from the date of the last payment for additional benefits or for a modification of the amount of benefits on the ground of increase or decrease of incapacity due solely to the injury, or upon grounds of mistake or fraud. The division may, upon the same grounds and within the same time period, apply for modification of medical and disability benefits to a hearing examiner or the medical commission, as appropriate.

hearing examiner for an evidentiary hearing on the issue of mistake. The parties then stipulated as to the facts and agreed the hearing examiner may decide the issue on the basis of the stipulated facts and the parties' legal briefs.

The hearing examiner issued an order denying benefits on August 20, 1997. Relying on our holding in *Conn v. Ed Wederski Const. Co.*, 668 P.2d 649, 653 (Wyo.1983), the hearing examiner found that Smith failed to meet her burden of showing that a mistake of material fact was made by the fact finder. Smith timely appealed, and this case was certified by the district court pursuant to W.R.A.P. 12.09.

## III. STANDARD OF REVIEW

Although Smith refers to "certified questions" in her brief, this case is not limited to certified questions of law under W.R.A.P. 11, but comes before us as a certified case under W.R.A.P. 12. Judicial review of administrative action under W.R.A.P. 12.09 is confined to "the issues set forth in the petition and raised before the agency" and is conducted in accordance with Wyo. Stat. § 16–3–114(c) (1997). Pursuant to Wyo. Stat. § 16–3–114(c)(ii)(A), the reviewing court will "[h]old unlawful and set aside agency action, findings and conclusions found to be * * * [a]rbitrary, capricious, an abuse of discretion or otherwise not in accordance with law[.]"

■ An administrative agency's findings of fact will not be adjusted unless clearly contrary to the overwhelming weight of the evidence. *Matter of Fritz*, 937 P.2d 1345, 1348 (Wyo.1997). An agency's conclusions of law, however, are afforded no deference. If the agency's conclusions are correct, they are affirmed; if not, we correct them. *Id.*

## IV. DISCUSSION

■ The hearing examiner's conclusion at issue in this case is quite simple:

Smith has the burden to establish that a mistake of material fact was made by the fact finder. [Referring to *Conn*, 668 P.2d at 653] She has failed to meet her burden. Smith was rated by Dr. Whipp, even though she was not at MMI [maximum medical improvement]. The Division accepted the rating and offered a physical impairment award. Smith accepted the award and it was paid. If Smith had problems with the award or felt it should not have been offered, she should have objected to it. By accepting the award, it was paid and Smith cannot now come back and argue it was improper or a mistake. Only error relating to material facts, not agency procedure may be challenged by a motion under Wyo. Stat. § 27–14–605 (1994). *See [Matter of Worker's Compensation Claim of] Howton*, 899 P.2d [869] at 871 [ (Wyo.1995) ].

In *Conn*, 668 P.2d at 653, we held that the term "mistake" in Wyo. Stat. § 27–14–605(a) applies to "those situations in which a mistake in the determination of a material fact has been made by a fact finder." On appeal, Smith claims the hearing examiner erred in applying this standard. Smith's argument rests solely on the proposition that the legislative change in 1986, transferring the determination of worker's compensation claims from a judicial to an administrative process, requires a departure from our ruling in *Conn*. Although somewhat convoluted, Smith apparently maintains that this result is necessarily implied by our recognition that, in some instances, the significant changes in the worker's compensation law accomplished in 1986 may affect the precedential value of previous decisions. *See Tenorio v. State ex rel. Wyoming Workers' Compensation Div.*, 931 P.2d 234, 240 (Wyo.1997) and *State ex rel. Wyoming Workers' Compensation Div. v. Jerding*, 868 P.2d 244, 248–49 (Wyo.1994).

■ We have never stated, however, that the shift of worker's compensation claims to an administrative process undermines all pre–1986 case law. To the contrary, an alteration in the existing interpretation of the worker's compensation statutes, based upon the shift to an administrative process, is compelled only in situations where pre–1986 common law is in irreconcilable conflict with the administrative scheme designed by the legislature. *Tenorio*, 931 P.2d at 240. The party claiming that the prior law and the current

system cannot co-exist has the burden of proof on such a claim.

Here, Smith offers no coherent reason why the shift to an administrative system creates an irreconcilable conflict with our ruling in *Conn*, 668 P.2d 649. We note that the language of Wyo. Stat. § 27–14–605(a) is identical to its pre–1986 predecessor. It is difficult to see how one can draw the inference that the legislature intended to change the accepted interpretation of the statute when employing the same language. Further, we have consistently applied the *Conn* standard in post–1986 cases. *See Matter of Worker's Compensation Claim of Howton*, 899 P.2d 869, 871 (Wyo.1995) and *Matter of Warehime*, 806 P.2d 292, 296 (Wyo.1991). Smith does not argue that these cases were improperly decided or conflict with the purpose of the current system. Absent any alternative argument for a departure from our ruling in *Conn*, 668 P.2d 649, we find no error in the rule of law applied in the proceedings below.

■ Neither do we find error in the hearing examiner's application of the facts to the law. This is not a case where the Division's decision was based on a mutual mistake of material fact, relying on an erroneous diagnosis by a health care provider, as was the case in *Matter of Warehime*, 806 P.2d at 296 (error in vocational evaluation submitted by independent agency mistake of material fact). *See also* 8 Arthur Larson, *Larson's Workers' Compensation Law*, § 81.52(b) n. 74 (1998). Here, the doctor admitted that he knew Smith had not reached maximum medical improvement when he submitted the maximum medical improvement certification to the Division, but that he did so on the "mistaken" assumption that the certification made no difference in Smith's procurement of future benefits. Indeed, even Smith did not agree that she had reached maximum medical improvement at the time she accepted the permanent benefits, but testified she did not object to the permanent award solely because she thought she would receive additional temporary benefits if more surgery was necessary.

Smith asserts the mistake of fact in this case can be described as follows: "Because the Appellant had not reached maximum medical improvement, there was not an ascertainable loss that would allow the Division to require the treating physician to perform an impairment rating and terminate the Appellant's [temporary] benefits * * *." In so arguing, Smith ignores the fact that she and her doctor were the only parties who knew she was not at maximum medical improvement, but they allowed the Division to believe otherwise and to act on that belief.

"The purpose of § 27–14–605(a) is to balance the concept of finality with the desire to see that a claimant receives no less and no more than that to which he is lawfully entitled." *Jerding*, 868 P.2d at 249. To permit a claimant to modify her benefits based on a "mistake of material fact" which she either created or condoned would effectively negate the finality the statute was designed to protect. We hold the hearing examiner did not err in finding that the procedural misunderstanding regarding the availability of Smith's future benefits was insufficient to support a modification of her benefits under Wyo. Stat. § 27–14–605(a).

## V. CONCLUSION

The legislature's 1986 application of an administrative process to worker's compensation claims does not provide a basis for departure from our previous interpretation that "mistake," pursuant to Wyo. Stat. § 27–14–605(a), requires a showing of a material mistake of fact made by the fact finder. Since Smith failed to make such showing, the order denying benefits is affirmed.

THOMAS, Justice, concurring specially.

I am in accord with the result reached in the opinion of the Court, and I have no fault to find with the rationale espoused. What seems painfully obvious to me, however, is that there never was any mistake of fact involved in this case. When the doctor testified that he was under the assumption that his maximum medical improvement certification would have no effect on Smith's right to future temporary disability benefits, the doctor was not articulating any mistake as to the facts, he was explaining that he was mistaken about the legal effect of his certification. His

mistake was one of law, not of fact, and serves as a graphic reminder of the hazards that are encountered when one assumes to act outside the scope of professional competence.