2001 WY 29

**In the Matter of the Worker's Compensation Claim of Anthony SLATER, an Employee of Cook McCann Concrete.**

**Anthony Slater, Appellant (Petitioner/Employee–Claimant),**

**v.**

**State of Wyoming ex rel. Wyoming Workers' Safety and Compensation Division, Appellee (Respondent/Objector–Defendant).**

**No. 00–103.**

Supreme Court of Wyoming.

March 13, 2001.

Representing Appellant: Joseph P. Fonfara of Fonfara Law Offices, Cheyenne, WY.

Representing Appellee: Gay Woodhouse, Attorney General; John W. Renneisen, Deputy Attorney General; and Gerald W. Laska, Senior Assistant Attorney General.

Before LEHMAN, C.J.; THOMAS,* GOLDEN and KITE, JJ.; and SPANGLER, D.J. (Ret.).

SPANGLER, District Judge (Retired).

[¶ 1]   This is an appeal from a decision by a hearing examiner granting a petition filed by the Division of Workers' Safety and Com-

* Concurred prior to retirement

pensation (the division) for modification of an award on the ground of mistake.  We affirm.

## ISSUE

[¶ 2]   The issue is as follows:  Did the hearing examiner erroneously modify an award upon the ground of mistake under Wyo. Stat. Ann. § 27-14-605(a) (LEXIS 1999) when the division made an error in its calculations?

## FACTS

[¶ 3]   On February 24, 1998, the appellant, Anthony Slater, suffered a work-related injury.  He eventually applied for permanent partial disability benefits.  He and a claims analyst for the division discussed the possible award and a child support withholding order against him.  On January 25, 1999, the division issued a final determination awarding benefits in the amount of $28,991.56.  The appellant accepted the award on February 10, 1999, and the division began paying the benefits.

[¶ 4]   On October 18, 1999, the division filed a petition for modification.  It contended that the correct amount of the award should have been $21,543.36 because the claims analyst had incorrectly added the amount of the delinquent child support to the award instead of subtracting it.  The claims analyst did all the calculations without participation from the appellant.

[¶ 5]   Following the hearing, the parties reported an additional mistake had been made.  The correct amount for the permanent partial disability award was $25,065.35, minus the delinquent child support of $7,325.90.  The hearing examiner ordered that the award be modified accordingly.

## STANDARD OF REVIEW

[¶ 6]   The facts are not in dispute.  Our review is limited to determining whether the hearing examiner correctly applied the law. Wyo. Stat. Ann. § 16-3-114(c) (LEXIS 1999).

## DISCUSSION

[¶ 7] Section 27–14–605(a) reads as follows:

(a) If a determination is made in favor of or on behalf of an employee for any benefits under this act, an application may be made to the division by any party within four (4) years from the date of the last payment for additional benefits or for a modification of the amount of benefits on the ground of increase or decrease of incapacity due solely to the injury, or upon grounds of mistake or fraud. The division may, upon the same grounds and within the same time period, apply for modification of medical and disability benefits to a hearing examiner or the medical commission, as appropriate.

[¶ 8] The appellant argues that the settlement agreement he made with the division is a contract which can be modified only in the event of mutual mistake. However, the statute does not contain that restriction. Nor does the appellant cite any case law to support that interpretation.

[¶ 9] The appellant also contends that modification can occur only if the mistake is made by a finder of fact. Again, the statute does not include this limitation. The appellant cites the cases of *Smith v. State ex rel. Wyoming Workers' Safety and Compensation Division,* 965 P.2d 687 (Wyo.1998), and *Conn v. Ed Wederski Construction Company,* 668 P.2d 649 (Wyo.1983). In the *Conn* case, this court stated:

Other jurisdictions having statutes which provide for the reopening of worker's compensation cases on the ground of mistake have limited relief under their statutes to those situations in which a mistake in the determination of a material fact has been made by a fact finder.

668 P.2d at 653.

[¶ 10] The same language was repeated in the *Smith* case. In both the *Smith* and *Conn* cases, the finder of fact on the modification petition determined that there was no mistake. The *Smith* opinion held that a misunderstanding as to procedural requirements is not a sufficient basis to claim a mistake under the statute. 965 P.2d at 691. To the extent that the *Smith* and *Conn* cases required the mistake to be made by the finder of fact, they are overruled. Any mistake made by a claimant or the division which results in more or less than the claimant should receive will be subject to review under § 27–14–605(a).

[¶ 11] Of significance to the facts of this case are the rulings in *State ex rel. Wyoming Workers' Compensation Division v. Jerding,* 868 P.2d 244 (Wyo.1994), and *State ex rel. Wyoming Worker's Compensation Division v. White,* 837 P.2d 1095 (Wyo.1992). The *Jerding* case ruled that the division had authority to petition for modification of its mistaken determination that an injury was compensable, stating:

We perceive no public policy which favors the payment of any portion of an unjustified worker's compensation claim. The purpose of § 27–14–605(a) is to balance the concept of finality with the desire to see that a claimant receives no less and no more than that to which he is lawfully entitled.

868 P.2d at 249.

[¶ 12] The *White* decision upheld the calculation of the award but noted that part of the amount had already been paid by the division. Citing § 27–14–605(a), the opinion noted that a mistake had been proven and the award would be modified. 837 P.2d at 1098–99.

## CONCLUSION

[¶ 13] We find that the hearing examiner correctly applied the statute to the facts and properly modified the award because of the mistaken calculations by the division. Therefore, we affirm the order granting the petition for modification.