**Henry MATTIS, Petitioner (Employee–Claimant),**

v.

**HUSKY RMP PROPERTIES, INC., a/k/a Frontier Oil and Refining Company, Respondent (Employer–Objector).**

No. 89–9.

Supreme Court of Wyoming.

April 27, 1990.

Robert T. Moxley of Gage & Moxley, Cheyenne, for petitioner.

Lawrence J. Wolfe and William L. Combs of Holland & Hart, Cheyenne, for respondent.

Before CARDINE, C.J., and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

URBIGKIT, Justice.

This appeal involves petitioner's, Henry Mattis' (Mattis), 1986 claim for worker's compensation benefits based on an environmental or occupational disease as distinguished from his 1983 claim for a trauma injury suffered when he was burned by hot asphalt during the course of his employment with the respondent, Husky RMP Properties, Inc. (Husky). We will address the authority of the hearing examiner to dismiss the occupational disease claim without benefit of a hearing on its merits. Mattis' appeal is taken from an order of the worker's compensation hearing examiner which denied his request for the appointment of a medical expert and dismissed his claim for occupational disease as barred by principles of res judicata. We reverse and remand with direction that Mattis be afforded an administrative agency hearing on the merits of his claim.

The chain of events which led to this appeal began on March 11, 1983 when Mattis was covered with hot tar which spewed onto him when an expansion joint on a pump broke at the Husky oil refinery in Cheyenne, Wyoming. Mattis suffered severe burn injuries and was provided worker's compensation benefits during his recovery. The matter proceeded routinely until Mattis filed a claim for medical treatment for an injury described as "numbness, neuropathy" on April 22, 1985. Husky objected to an award of benefits, asserting that the testing and treatment of Mattis did not relate to his 1983 injury. After hearing evidence on the matter on February 7, 1986, the district court noted that Mattis had failed to file a motion to reopen his case pursuant to W.S. 27-12-606. Nonetheless, the district court treated the case as if such a motion had been filed and addressed the claim on its merits. The district court found: "The evidence is simply too overwhelming from a medical standpoint that the claimant[']s asserted symptoms or complaints cannot be tied to the injury in question." An order to that effect was entered and a notice of appeal filed in the district court, but apparently the appeal was abandoned.

On August 20, 1986, proceeding without assistance of counsel, Mattis filed a new claim for worker's compensation benefits. One of the documents attached to his claim was a diagnosis by Daniel T. Teitelbaum, M.D., dated June 6, 1986:

Thus it seems to me that the correct diagnosis at the present time are:

1. Toxic axonopathy, secondary to unknown components to which he was exposed to at work.

2. Cognitive loss secondary to one.

3. Partial neurogenic bladder and impotence secondary to one.

4. Reactive depression secondary to one.

Dr. Teitelbaum recommended that Mattis continue psychological and/or psychiatric treatment. Thus, it appears from the record that receipt of this constituted communication of the occupational disease to Mattis and his claim was filed well within

the one year statute of limitations contained in W.S. 27-14-503.

On April 25, 1988, the hearing examiner appointed counsel to represent Mattis in his occupational disease claim. On June 17, 1988, Mattis filed a motion for appointment of a toxicologist to serve as an expert witness on his behalf. All unpaid claims from Mattis' old case were transferred to the instant case by order dated May 6, 1988.[1]

On July 21, 1988, the hearing examiner entered an order denying Mattis' motion for appointment of the toxicologist. On August 19, 1988, Mattis filed a petition for review of the hearing examiner's decision in the district court. Upon joint motion of the parties, the matter was certified to this court pursuant to W.R.A.P. 12.09 by order dated December 9, 1988. The petition for review was docketed in this court on January 17, 1989. The petition was first dismissed as not a final order, upon a motion of Husky, and then reinstated, upon motion of Mattis, with a remand to the hearing examiner for the limited purpose of clarification of his previous order. The matter appeared to be languishing before the hearing examiner and, on October 12, 1989, the parties were directed to report to this court concerning the remanded case. On October 16, 1989, the additional materials from the remand were docketed with this court and, on October 20, 1989, a briefing schedule was set. Mattis filed his brief on November 6, 1989 and Husky filed its brief on November 21, 1989. The case was argued before this court on February 20, 1990, and assigned for disposition on March 2, 1990.

The hearing examiner's final order dated July 21, 1988 denied Mattis' motion for appointment of the toxicologist and dismissed the occupational disease claim as res judicata. These factual findings and legal conclusions were made by application of Mattis' second claim to his earlier 1983 claim and resulting district court proceedings which involved the trauma injury. We need not tarry long with these decisions of the hearing examiner because it is clear from the governing statute, case law, and facts asserted in the claim that Mattis is seeking compensation for an occupational disease, allegedly caused by his employment with Husky, that is unrelated to the asphalt burn injury that occurred in 1983. W.S. 27-14-503(a) and (b), and its predecessors, identify two distinct types of claims: (a) claims resulting from a single brief occurrence (e.g., the asphalt burn injury); and (b) injuries that occur over a substantial period of time (e.g., Mattis' assertion of neuropathy). The former is not related to the latter and cannot serve as a disposition

1. On April 19, 1988, the following stipulation, which had been entered into by Mattis and the Wyoming Workers' Compensation Division, was filed in the record:

COMES NOW the parties by and through their respective counsel and show the Court:

1. That on or about March 16, 1988, the above-styled case was opened by the filing of an Employee's Report of Occupational Disease.

2. That a previous case involving the same Claimant and employer, * * *, involved claims for benefits by reason of the Claimant suffering extensive asphalt burns in a work-related accident * * *.

3. That various medical claims presented in the prior case involved a complex of symptoms not related to the burn trauma, e.g. problems with neuropathy, impotence and other physical problems of unknown etiology at the time of presentation of the claims.

4. That the claimant's position is that said unpaid claims are related to the Occupational Disease diagnosis claimed herein, to-wit toxic axonopathy, such that the claims should be transferred to the above-styled case from the old case for the purpose of investigation, evaluation and admission of the claimant to such benefits as are proper under the Worker's Compensation Act.

5. That the previously filed Motion for Transfer of Claims is rendered moot by this Stipulation.

6. That the injured Worker's Claim herein should be taken as a claim for permanent total disability benefits, presently objected-to by the division, such that this case should be docketed as a contested case in the office of the Hearing Examiner.

7. That pending investigation the case is not ripe for trial.

WHEREFORE, IT IS, HEREBY STIPULATED that an Order should enter causing the Division to transfer unpaid medical claims to this case from the prior case * * *, without prejudice to the Division or the employer to litigate the right to benefits based upon the said claims, and that this case should be docketed as a contested case pending investigation.

that makes the occupational disease claim res judicata. See, generally, *Matter of Injury to Van Buskirk,* 741 P.2d 120 (Wyo. 1987); *Wyoming Refining Co. v. Bottjen,* 695 P.2d 647 (Wyo.1985); and 1B Larson, *The Law of Workmen's Compensation* § 41 (1985).

Moreover, the hearing examiner's summary disposition of this case violates our recently enunciated rule that where a worker's claim states a prima facie case for benefits, a hearing must be held. *Jackson v. State ex rel. Wyoming Workers' Compensation Div.,* 786 P.2d 874 (Wyo.1990). Appointment of a health care provider to give testimony at the required hearing will be governed by W.S. 27–14–604 and our cases construing that statute. We cannot, and need not, decide that issue on the record now provided.

The order of the hearing examiner dismissing Mattis' claim is reversed and remanded for a hearing in conformity with this opinion.