**Robert L. STOCKDALE, Appellant (Petitioner/Claimant),**

v.

**TRANSYSTEMS SERVICES, INC., Appellee (Employer/Respondent),**

and

**State of Wyoming, ex rel. Wyoming Workers' Compensation Division, Appellee (Objector/Defendant).**

No. 95–35.

Supreme Court of Wyoming.

Dec. 29, 1995.

Donald L. Painter, Casper, for Appellant.

R.I. Leedy of Hettinger & Leedy, Riverton, for Appellee Transystems Services, Inc.

William U. Hill, Attorney General; John W. Renneisen, Deputy Attorney General; and Jennifer A. Evans, Assistant Attorney General, Cheyenne, for Appellee State of Wyoming ex rel. Wyoming Workers' Compensation Division.

Before THOMAS, MACY, TAYLOR and LEHMAN, JJ., and BROWN, J., Retired.

THOMAS, Justice.

The primary issue to be resolved in this case is whether there is sufficient evidence in the record before the hearing examiner to justify his finding that Robert L. Stockdale (Stockdale) failed to sustain his burden of proof that his claimed disability was related to an industrial injury. In the Order Denying Benefits, the hearing examiner concluded the claimed disability was "attributable to a degenerative disc disease," and no award of permanent partial disability should be made. There is a secondary issue, raised by the State of Wyoming ex rel. Workers' Compensation Division (Division), relating to the application of the doctrine of *res judicata* in this case. We hold that there indeed is sufficient evidence to sustain the order of the hearing examiner in this case, and his determination could also be supported under the doctrine of *res judicata*. The district court's Order Following Review upholding the order of the hearing examiner is affirmed.

In his Appellant's Brief, Stockdale states these issues:

1. Whether Appellant's claim for permanent partial physical impairment benefits and vocational benefits are barred by the doctrine of *res judicata*.

2. Whether Appellant's claim for permanent partial physical impairment and vocational benefits are barred by the finding, erroneous but not appealed from, that Appellant's injury lasted no longer than February 22, 1989.

3. Whether Appellant sustained the burden of proving that he was entitled to the requested award of permanent partial physical impairment and vocational benefits.

In its Brief of Appellee, Stockdale's employer, Transystems Services, Inc. (Transystems), states the issues in this way:

1. Whether substantial evidence exists to support the hearing examiner's determination that employee/claimant is ineligible for additional benefits?

2. Whether the hearing examiner's decision was arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law?

3. Whether employee/claimant is estopped and otherwise prevented from receiving additional benefits, by the hearing officer's determination that his symptoms do not arise out of the 1988 work-related injury?

4. Is employee/claimant barred by the workers' compensation statute of limitations, from claiming additional benefits under the Act?

In its Brief of Appellee, the Division states the issues as:

Whether the hearing examiner's order denying Claimant's application for permanent partial disability and loss of earning benefits was in accordance with law and supported by substantial evidence.

A. Whether a finding that a claimant's disability did not arise out of and in the course of employment, made in connection with the claimant's application for continued temporary total disability benefits and payment of medical costs, and not appealed from, precludes a later application for permanent partial disability and loss of earning benefits for the same disability.

B. Whether the record contains substantial evidence to support the hearing examiner's determination that Claimant's disability did not arise out of and in the course of his employment.

Stockdale suffered a ligamentous strain to his back on November 10, 1988 while changing the wheel and tire on a semitrailer. The employer objected to Stockdale's claim for benefits and, following a hearing on May 12, 1989, an order was entered by the Office of Administrative Hearings awarding Stockdale temporary total disability through February 22, 1989. The order provided that the claims for temporary total disability for that period were granted and should be paid from the employer's account. The hearing examiner sustained the employer's objection to any disability after February 22, 1989; sustained the employer's objections to claims for travel for treatment in Colorado; and sustained the objections for possible future medical expenses. An appeal was initiated from that order, but it was never completed or resolved.

On March 5, 1993, Stockdale filed a claim for additional benefits from the Division based upon a recent medical evaluation. The evaluation encompassed an opinion that Stockdale suffered from a 19% permanent partial physical impairment of his total body. On May 5, 1993, the Division denied any further benefits, advising Stockdale he had failed to prove his condition was related to the injury he sustained on November 10, 1988. This burden of proof is assigned to the employee pursuant to WYO.STAT. § 27–14–605(c) (1991).

Stockdale requested a hearing, and one was held before a hearing examiner on November 18, 1993. Stockdale was the only witness at the hearing, and the new evidence introduced consisted of the 1993 Disability Impairment Evaluation prepared by his physician and a Vocational Evaluation requested by the Division. Neither document evidenced a causal relationship between the 1988 work-related injury and the deterioration in Stockdale's physical condition or his arthritic spine. In the order, the hearing examiner specifically found that Stockdale "failed to carry his burden of proof that the

condition he complained of was attributable to an industrial injury while in the employ of Respondent [Transystems]." The hearing examiner found, instead, that the condition was "attributable to a degenerative disc disease," and he denied Stockdale's claim for disability benefits after February 22, 1989. The order of the hearing examiner was affirmed on review by the district court, and an appeal was taken to this court by Stockdale.

■■■ The essence of this case concerns the sufficiency of the evidence to sustain the determination of the hearing examiner. Our rule is that, if the findings of a hearing examiner are supported by substantial evidence, the ruling will not be disturbed on appeal. *Romero v. Davy McKee Corp.*, 854 P.2d 59 (Wyo.1993). Substantial evidence is relevant evidence acceptable to a reasonable mind in support of the conclusions of the hearing examiner. *Little America Refining Co. v. Witt*, 854 P.2d 51 (Wyo.1993); *Hohnholt v. Basin Electric Power Co-op.*, 784 P.2d 233 (Wyo.1989); *Trout v. Wyoming Oil & Gas Conservation Comm'n*, 721 P.2d 1047 (Wyo.1986). In making this determination, we examine the entire record. *Little America Refining Co.; State ex rel. Wyoming Workers' Compensation Div. v. Brown*, 805 P.2d 830 (Wyo.1991); *Hohnholt; Trout.*

■■ In this instance, Stockdale faced a tandem burden. *Conn v. Ed Wederski Constr. Co.*, 668 P.2d 649 (Wyo.1983). He initially had to establish a ground for reopening his case pursuant to WYO.STAT. § 27–14–605(a) (1991), which reads:

If a determination is made in favor of or on behalf of an employee for any benefits under this act, an application may be made to the division by any party within four (4) years from the date of the last payment for additional medical and disability benefits or for a modification of the amount of benefits on the ground of increase or decrease of incapacity due solely to the injury, or upon grounds of mistake or fraud.

Stockdale offers no contention mistake or fraud existed in this case and, consequently, his effort is to modify the amount of his benefit on the ground of an increase in incapacity due solely to the injury.

Stockdale was the only witness who testified at the most recent hearing, and the evidence presented consisted of a 1993 Disability Impairment Evaluation prepared by his physician and a Vocational Evaluation requested by the Division. Neither document addressed the causative factor of Stockdale's deteriorated physical condition in the context of the 1988 work-related ligamentous strain injury. The hearing examiner had before him the proceedings from the 1989 hearing, which he considered. He concluded Stockdale had failed to carry his burden of proof to sustain his claim and ruled the condition was attributable to a degenerative disc disease. It follows that Stockdale did not even demonstrate his right to proceed under Wyo.Stat. § 27–14–605 and, as is frequently true in reopening cases, the evidence overlaps with respect to the establishment of the right to reopen and the increased disability. Stockdale failed to prove any increased disability attributable to the injury.

We also recognize an independent basis for denying these benefits found in *res judicata*. Awards in workers' compensation cases are subject to the concept of finality. *Conn*. The policy reason is that a litigant must be limited to one opportunity to try his case on the merits. *Matter of Worker's Compensation Claim of Swasso*, 751 P.2d 887 (Wyo.1988). This case clearly meets the criteria for invoking *res judicata* as set forth in *Swasso*. The parties are identical; the subject matter is identical; the issues are the same and relate to the same subject matter; and the parties appear in identical capacities in reference to both the subject matter and the issues.

Language from *Swasso*, 751 P.2d at 891, is apt:

> Appellant was clearly praying for benefits already denied by the trial court [hearing examiner] for injuries found not to be compensable. Had the trial court [hearing examiner] reopened the case, the court [hearing examiner] would have had to relitigate the threshold question of whether or not Swasso [Stockdale] was suffering from a work-related injury, an issue fully litigated at the September, 1985 hearings [1989 proceeding]. With identity of the parties, the subject matter, and the issues, the trial court [hearing examiner] properly applied the doctrine of res judicata to bar Swasso's Petition for Relief from Order and Amended Petition for a new trial.

Precisely the same thing is true in this instance; the hearing examiner could have denied this claim on the basis of *res judicata*.

The Order Following Review, denying further benefits to Stockdale, is affirmed.