**In the Matter of the WORKER'S COMPENSATION CLAIM OF Donna L. HEMME, an Employee of Memorial Hospital of Carbon County:**

**Donna L. HEMME, Appellant (Claimant),**

v.

**STATE of Wyoming, ex rel., WYOMING WORKERS' COMPENSATION DIVISION, Appellee (Respondent).**

No. 95–144.

Supreme Court of Wyoming.

April 10, 1996.

Richard E. Kraemer, Kraemer & Associates, P.C., Fort Collins, Colorado, for appellant.

William U. Hill, Attorney General; John W. Renneisen, Deputy Attorney General; Jennifer A. Evans, Assistant Attorney General, Cheyenne, Wyoming, for appellee.

Before THOMAS, MACY, TAYLOR and LEHMAN, JJ. and STEBNER, D.J.

STEBNER, District Judge.

We review the district court's order affirming an award of worker's compensation benefits for appellant Donna L. Hemme. Hemme suffered a back injury in the course and scope of her employment, as well as complications arising out of that injury. The central issues concern the percentage of Hemme's permanent partial disability and the delinquency of the Worker's Compensation Division in paying claims which have been ordered to be paid.

We affirm.

Hemme poses these issues:

I.   Did the District Court err in its refusal to remand to the Workers' Compensation Division for the taking of further evidence where the Claimant objected to reliance upon an outdated and incomplete vocational evaluation and disability rating and the division had failed to provide a second opinion?

II.   Did the District Court err in failing to reverse the decision of the Administrative Law Judge in his denial of Appellant's request to change physicians and order payment for medical care providers located outside of Wyoming?

III.   Was the decision of the Administrative Law Judge arbitrary and capricious where the Judge ordered the division to delay payment of the Appellant's health care providers until after Appellant had proved that Appellant had submitted those expenses to her husband's employer's health insurance provider and that those bills had not been paid?

IV.   Did the Administrative Law Judge and the District Court Judge err in denial of payment for prescription medicines Desipramine and Klonopin?

V.   Did the District Court err in ordering the Appellant to pay from her own resources her attorneys fees expense related

to the appeal to the District Court upon the sole ground that she had not prevailed in having the Administrative Law Judge's decision reversed?

The Division restates this set of issues:

A. Whether the district court properly denied Claimant's motion for leave to present additional evidence under Rule 12.08 of the Wyoming Rules of Appellate Procedure.

B. Whether the record contains substantial evidence to support the hearing examiner's permanent partial disability award.

C. Whether the Supreme Court has jurisdiction to review any provisions of the January, 1993 order from which no notice of appeal was filed.

D. Whether the hearing examiner's denial of medical benefits was in accordance with law.

E. Whether the Supreme Court has jurisdiction to review the district court order denying payment of attorney's fees, from which order no notice of appeal was filed.

Hemme was injured while in the course and scope of her employment on May 29, 1989. An award of benefits was made after hearing before an administrative hearing examiner. Hemme took an appeal from that award, but it eventually was dismissed with prejudice on December 6, 1993, a result to which Hemme stipulated. Based upon her further application for vocational benefits, a contested case hearing was held on October 10, 1994. On November 7, 1994, a second hearing examiner issued an order awarding benefits to Hemme which contained, in principal part, a finding that she suffered a permanent partial disability of 37%, whole body. Hemme sought review of that order awarding benefits in the district court. The district court affirmed the award. Hemme now seeks further review of the matter here.

As a preface, we observe that Hemme's claims for benefits were complex and difficult to sort out. Counsel on both sides have exacerbated those problems by inattentiveness to detail and petty squabbling. The Division has neglected to scrutinize the hearing examiners' awards of benefits with the care and probity required in a difficult case. Against this background, we affirm the orders awarding benefits.

■ The first issue Hemme advances arises because the district court did not grant Hemme's motion to remand this matter to the administrative hearing examiner for additional evidence in accordance with WYO.R.APP.P. 12.08. Rule 12.08 requires that one applying to present additional evidence demonstrate that the additional evidence relates to a material issue and that there was good cause for failing to present such evidence at the original hearing. *Harris v. Sinclair Trucking*, 900 P.2d 1163, 1166–67 (Wyo.1995). We are satisfied that the additional evidence Hemme sought to present (a second vocational evaluation) was material to her cause. However, we are unable to agree with her that good cause exists for failure to present that additional evidence at the original hearing. We are satisfied from our review of the record [1] that Hemme failed to demonstrate good cause to present the additional evidence.

The central element of Hemme's argument is WYO.STAT. § 27–14–405(m) (Supp.1995),[2] which provides: "If the percentage of physical impairment is disputed, the division shall obtain a second opinion and if the ratings conflict, shall determine the physical impairment award upon consideration of the initial and second opinion." Appellant did not put much effort into explicating the record in this case. It is a voluminous record, filling a 12″ × 10″ × 15.5″ banker's box. As a statement

---

**1.** We take note at this juncture that counsel for the appellant, who is admitted to the Wyoming State Bar, but is not a resident practitioner, failed to comply with the Wyoming Rules of Appellate Procedure in many respects, both in the district court and in this Court. None of those failings are fatal to this appeal, but we do remind nonresident members of the Bar that such failings may result in dismissal of an appeal, or other sanctions. It seems it should hardly need mentioning, but apparently it does: When practicing in Wyoming courts, nonresident practitioners must follow the court rules applicable in this state, rather than their state of residence.

**2.** This subsection was denoted § 27–14–405(c) at the time of the proceedings before the hearing examiner.

of facts we have little more than an unedited quotation from the January 1993 Order Awarding Benefits. Our review of the record convinces us that WYO.STAT. § 27–14–405(m) was not applicable under the circumstances presented by this case, but even if it was applicable, it appears to have been observed.

As a second point of argument, Hemme contends that her diagnosis of fibromyalgia syndrome was ignored in the only vocational assessment which was done. That contention is not supported by the record. Although the word "fibromyalgia" is not used in the report, it is clear that the vocational assessor had access to all of Hemme's medical records, as well as interviewing Hemme in person. We hold the district court was correct in refusing to remand to the administrative hearing examiner for taking additional evidence because Hemme failed to demonstrate good cause for her failure to have presented such evidence at the initial hearing, as well as because her contention that a second opinion was required was not so much as mentioned at the administrative hearing.

■ Hemme next contends that the order awarding benefits entered in January 1993 denied her constitutional rights to interstate travel, as well as rights to equal protection of the laws, because the hearing examiner denied her request to change physicians to an out-of-state physician or to order payment for medical care providers which the Worker's Compensation Division had not otherwise approved. Those matters were appealed to the district court and, pursuant to a stipulation of the parties that appeal was dismissed. In essence, no appeal was taken from that order, and consideration of those matters is now barred by principles of res judicata and collateral estoppel. We will not consider them in this appeal, which is from the November 1994 order awarding benefits. *See Slavens v. Board of County Commissioners*, 854 P.2d 683, 686–87 (Wyo.1993);

*Stockdale v. Transystems Services, Inc.*, 908 P.2d 980, 983 (Wyo.1995).

■ Hemme also contends that the condition imposed by the administrative hearing examiner in his January 1993 order, which required Hemme, in some instances, to submit her claims to a private insurance carrier before worker's compensation would be obligated to pay them is arbitrary, capricious and contrary to law. This matter is also res judicata, and we will not further consider it in this appeal, except as more fully explained below.

■ Counsel for Hemme contends the district court erred in denying his motion for payment of attorney's fees for the appeal in the district court. The district court's order states that the reason for denying those fees is that Hemme did not prevail. The district court is awarded considerable discretion in awarding attorney's fees under WYO.STAT. § 27–14–615 (Supp.1995).[3] *Lebsack v. Town of Torrington*, 698 P.2d 1141, 1148–49 (Wyo. 1985). We do not view counsel's failure to have separately appealed the order denying an award of attorney's fees to be fatal to consideration of this issue, nor do we condone the district court's use of the "did not prevail" language in the order denying an award of attorney's fees.[4] However, counsel's only contention is that the district court could not order Hemme to pay the attorney's fees from her own resources. The district court did not issue any such order.[5] No other cogent argument or pertinent authority is presented in this regard and we will not consider the matter further. *Beaudoin v. Kibbie*, 905 P.2d 939, 941 (Wyo.1995).

Hemme contends that medical bills which have been ordered to be paid, have not been paid. These items were specifically discussed in the administrative hearing examiner's order of November 7, 1994: (1) Carbon County Counseling Center, $240.00, unless already paid; (2) all sums due Centennial

---

3. Although amended since these proceedings were completed, for purposes of this appeal the language of the statute prior to the amendment does not make a difference.

4. The district court directed that Hemme's counsel prepare the order denying benefits and the

offending language was placed in that order by Hemme's counsel.

5. Indeed, the implicit finding of the district court was that counsel's services were, in essence, of no value to the district court or to the client.

Peaks Hospital for treatment of Hemme which have not already been paid by worker's compensation or private insurance; (3) reimbursement to Hemme for the cost of a hot tub (this may be accomplished by the Division making the arrangements for purchase and installation of the hot tub, rather than by reimbursement—the critical factor is that the hot tub conform to the physician's prescription);[6] (4) Dr. Walter Winslow's bill for $250.00, unless already paid; and (5) Dr. Wayne F. Phillips' bills totaling $400.00, unless already paid. The Division shall ensure that these items are promptly and exactingly paid. If portions of the bills have been paid by private insurance, the Division only needs to pay the unpaid portion. The costs of all medical care provided by any other health care providers, which have been adjudicated to arise from her work-related injuries, shall be promptly and exactingly paid by the Division without certification by Hemme that they have been submitted to private insurance carriers.[7] The Division shall carefully review Hemme's file to ensure that all benefits ordered by the hearing examiners are paid. In this regard, all orders of the hearing examiners are the law of this case and are affirmed in all respects.

Because we find no reversible error and hold the orders of the hearing examiners to be supported by substantial evidence, we affirm in all respects.

---

6. The hot tub was prescribed by Hemme's attending physician as a treatment for back pain. We will emphasize in this footnote that the record demonstrates that Hemme's medical conditions were very real, that she was very cooperative in her treatments, including work hardening programs to deal with pain, and that the use of a hot tub was prescribed as a medical, not a recreational, treatment.

7. As a part of our decision, we also affirm the hearing examiner's direction to the Division contained in footnote 1, page 2, of the November 7, 1994 decision letter.