In the Matter of the Worker's Compensation Claim of John D. Martinez, an Employee of Robinson Construction Company.

John D. MARTINEZ, Appellant
(Petitioner),

v.

STATE of Wyoming ex rel. WYOMING WORKERS' COMPENSATION DIVISION, Appellee (Respondent).

No. 95–267.

Supreme Court of Wyoming.

June 3, 1996.

Michael K. Kelly, Laramie, for Appellant.

William U. Hill, Attorney General; John W. Renneisen, Deputy Attorney General; Gerald W. Laska, Senior Assistant Attorney General; and Jennifer A. Evans, Assistant Attorney General, for Appellee.

Before THOMAS, MACY, TAYLOR and LEHMAN, JJ., and KEITH G. KAUTZ, District Judge.

MACY, Justice.

Robinson Construction Company (the employer) petitioned to modify the worker's compensation benefits which had previously been paid to Appellant John Martinez (the employee). The employer also objected to any further payments being made to the employee. The hearing examiner denied the employer's requests. The district court reversed the hearing examiner's decision as to the employee's outstanding claims.

We affirm the district court's reversal.

## ISSUES

The employee presents two issues on appeal:

### ISSUE I

Whether the District Court erred in assigning the burden of proof to [the employee] to show that [the employee's] outstanding claims were compensable?

### ISSUE II

Whether or not the District Court erred as a matter of law in reversing and remanding on the issue of causation as to the outstanding claims as [the Workers' Compensation Division] was estopped from disputing compensability of the claims?

## FACTS

The employee injured his elbow on July 21, 1993, while he was at work. In the early morning hours of July 26, 1993, the employee had an altercation with the police, and he was subsequently arrested and incarcerated. During his incarceration, the employee received medical attention for his injured elbow.

The employer fired the employee because the employee did not report for work while he was incarcerated. After the employee was released from incarceration, he consulted a doctor about his injury and filed an application for worker's compensation benefits. The employer filed an injury report, noting that the employee did not have any problems with his elbow until after he scuffled with the police. On September 7, 1993, the Wyoming Workers' Compensation Division approved the employee's application. The employer signed a consent and waiver notice later in the month, consenting to the payment of temporary total disability benefits to the employee for the period of July 24, 1993, through August 31, 1993.

The employee continued to receive worker's compensation benefits until January 11, 1994, when, pursuant to Wyo. Stat. § 27–14–605(a) (1991) (amended 1994),[1] the employer objected to any further payments being made to the employee and requested a modification of the benefits which had already been paid to the employee on the grounds of mistake. In its petition, the employer requested that the employee be required to reimburse the benefits which he had already received.[2]

The Workers' Compensation Division joined in the employer's objection, and a contested case hearing was set for September of 1994. By that time, the employee had outstanding claims pending for temporary total disability benefits and for an award of permanent partial disability benefits. The hearing examiner concluded that the employer and the Workers' Compensation Division did not meet their burden of proving that the employee's benefits should be terminated on the grounds of mistake under § 27–14–605(a). The hearing examiner, therefore, awarded benefits to the employee on his outstanding claims and denied the employer's and the Workers' Compensation Division's request for a modification of the benefits which had already been paid to the employee.[3]

The Workers' Compensation Division filed a petition for judicial review of the hearing examiner's decision. The district court agreed with the hearing examiner that the Workers' Compensation Division and the employer had the burden of proof as to whether the benefits which the employee had already received were mistakenly paid. The district

---

1. Section 27–14–605(a) provided:
   (a) If a determination is made in favor of or on behalf of an employee for any benefits under this act, an application may be made to the division by any party within four (4) years from the date of the last payment for additional medical and disability benefits or for a modification of the amount of benefits on the ground of increase or decrease of incapacity due solely to the injury, or upon grounds of mistake or fraud.

2. In *State ex rel. Wyoming Workers' Compensation Division v. Jerding*, 868 P.2d 244, 249 (Wyo. 1994), this Court construed § 27–14–605(a) as providing authority for extinguishing worker's compensation awards even though the statutory language did not expressly provide that remedy.

3. The parties did not raise any issues on appeal with regard to the benefits which had already been paid to the employee.

court, however, reversed the hearing examiner's decision on the employee's outstanding claims, reasoning that the employee had the burden of proving that he was entitled to receive compensation for those claims. The district court remanded the case to the hearing examiner for a hearing on the employee's outstanding claims. The employee subsequently perfected his appeal to this Court.

## DISCUSSION

■ The employee contends that the district court's ruling which placed the burden on him to prove that he was entitled to receive benefits on his outstanding worker's compensation claims was erroneous.

■ When we are reviewing decisions in worker's compensation cases, we do not accord any deference to the district court's decision. *Olheiser v. State ex rel. Wyoming Workers' Compensation Division*, 886 P.2d 269, 271 (Wyo.1994). Instead, we review the case as if it had come directly to this Court from the agency. *Cronk v. City of Cody*, 897 P.2d 476, 477 (Wyo.1995). In this case, we are concerned with allocating the burden of proof. We have stated: "Allocation of the burden of proof is a matter of law. Conclusions of law of an administrative agency are affirmed if they are found to be in accordance with law." *Corman v. State ex rel. Wyoming Workers' Compensation Division*, 909 P.2d 966, 970 (Wyo.1996). We correct an agency's errors when the agency has not invoked and correctly applied the correct rule of law. *Gneiting v. State ex rel. Wyoming Workers' Compensation Division*, 897 P.2d 1306, 1308 (Wyo.1995).

We have repeatedly stated that a claimant has the burden of proving all the essential elements of his worker's compensation claim by a preponderance of the evidence. *See, e.g., Padilla v. Lovern's, Inc.*, 883 P.2d 351, 354 (Wyo.1994); *Gilstrap v. State ex rel. Wyoming Workers' Compensation Division*, 875 P.2d 1272, 1273 (Wyo.1994). We have also recognized, however, that the party who seeks to reopen or modify a worker's compensation case under § 27–14–605(a) has the burden of proof. *Britton v. Halliburton Services*, 895 P.2d 45, 48 (Wyo.1995).

In reaching its conclusion that the employee had the burden of proving that he was entitled to receive benefits on his outstanding claims, the district court relied on WYO. STAT. § 27–14–606 (1991). That section states:

> Each determination or award within the meaning of this act is an administrative determination of the rights of the employer, the employee and the disposition of money within the worker's compensation account as to all matters involved. No determination shall be final without notice and opportunity for hearing as required by . this act.

Section 27–14–606. We considered this statute in *Herring v. Welltech, Inc.*, 660 P.2d 361 (Wyo.1983),[4] and stated that, under the language of the statute, "the employer must be advised of each award of compensation or allowance of any expense claim and [be] given the opportunity to object." 660 P.2d at 366. *See also Padilla*, 883 P.2d at 354. The *Herring* Court concluded that each award or claim is a separate matter for administrative determination and held:

> It follows that the employer is entitled to dispute any award or claim on the basis that it is unreasonable or improper, and certainly can raise the question as to whether the award or claim is causally related to the industrial accident which occurred or whether it may be attributable to some other event.

660 P.2d at 366. From the clear language of § 27–14–606 and this Court's decisions which have interpreted the statute, it is obvious that the normal process for an employer's objection applied to the employee's outstanding claims. It follows, then, that the employee bore the usual burden of proving that he was entitled to receive benefits for his outstanding claims. To place the burden of proof on the employer to dispute an employee's right to receive benefits on any further claims after the employee's first claim has been approved would effectively nullify the provisions of § 27–14–606.

4. When *Herring* was decided, the statute was numbered § 27–12–607.

The employee likens his case to *State ex rel. Wyoming Workers' Compensation Division v. Jerding*, 868 P.2d 244 (Wyo.1994). In that case, the Workers' Compensation Division petitioned under § 27–14–605(a) to reopen the claimant's case, seeking to terminate the claimant's right to receive any further benefits because it made a mistake in concluding that the claimant's injury was compensable. 868 P.2d at 246. The Court ostensibly placed the burden of proving that a mistake had been made and that the claimant was not entitled to receive any future benefits upon the Workers' Compensation Division. 868 P.2d at 250.

An important distinction exists, however, between the case at bar and the *Jerding* case which prevents *Jerding* from controlling our decision in this case. In *Jerding*, the Workers' Compensation Division was seeking to revisit its initial determination that the claimant's injury was compensable. 868 P.2d at 246. In the portion of this case which pertains to the employee's outstanding claims, the Workers' Compensation Division was not contesting the compensability of the initial injury. Instead, it was arguing that the employee's outstanding claims should not be paid because his current disability was caused by his altercation with the police. The Workers' Compensation Division aptly stated its position in its brief:

> It is therefore important to distinguish what the [Workers' Compensation] Division disputes with regard to [the employee's] claims and what it does not dispute. The [Workers' Compensation] Division does not deny that [the employee] suffered a work-related injury on July 21, 1993—it does not now seek a determination that when [the employee] injured his elbow on July 21, 1993, he was not acting within the course and scope of his employment. What the [Workers' Compensation] Division questions now is the percentage, if any, of [the employee's] current disability which can be attributed to the July 21, 1993 work injury. This question is appropriate in light of the medical testimony that all or some percentage of [the employee's] current disability may be attributable to the July 26, 1993 altercation, unrelated to [the employee's] employment.

■ The employee also asserts that the Workers' Compensation Division should have been estopped from disputing the compensability of his claims. The employee relies on a statement in *Herring* as being support for his argument:

> Once the accident is acknowledged to have occurred in the course of employment and not to have been due to the culpable negligence of the employee, the employer is estopped from taking a contrary position at a later date and after some claims have been paid. . . .

660 P.2d at 366.

It is true in the case at bar that the employer and the Workers' Compensation Division did not contest the compensability of the initial injury. In fact, the employer signed the consent and waiver form, consenting to the first payment of temporary total disability benefits to the employee. We agree that the employer and the Workers' Compensation Division were estopped from contesting the compensability of the initial injury except under the provisions of § 27–14–605(a). However, as we explained earlier in this opinion, the same analysis does not apply to the employee's outstanding claims. Since each new claim or award involved a separate administrative determination under § 27–14–606, the employer and the Workers' Compensation Division were entitled to contest the employee's outstanding claims by arguing that the employee's altercation with the police caused his current disability.

## CONCLUSION

We hold that the employee had the burden of proving that he was entitled to receive worker's compensation benefits for his outstanding claims and that the Workers' Compensation Division and the employer were not estopped from objecting to the employee's outstanding claims. The district court's decision is, therefore,

Affirmed.