931 P.2d 234 (1997)
Francis TENORIO, Appellant (Claimant-Respondent),
v.
STATE of Wyoming, ex rel., WYOMING WORKERS' COMPENSATION DIVISION, Appellee (Petitioner).
No. 96-14.
Supreme Court of Wyoming.
January 24, 1997.
Rehearing Denied February 4, 1997.
*235 Bernard Q. Phelan, Cheyenne, for appellant.
*236 William U. Hill, Attorney General; John W. Renneisen, Deputy Attorney General; Gerald W. Laska, Senior Assistant Attorney General; and Jennifer A. Evans; Assistant Attorney General, Cheyenne, for appellee.
Before TAYLOR, C.J., and THOMAS, MACY and LEHMAN, JJ., and ROGERS, District Judge.
TAYLOR, Chief Justice.
Appellant appeals the district court's reversal of the hearing examiner's order granting her permanent partial disability benefits. The district court found that the hearing examiner erred in refusing to consider the Wyoming Workers' Compensation Division's evidence of an intervening cause of injury and remanded the case for further consideration. We affirm the district court's decision.

I. ISSUES
Appellant, Francis Tenorio (Tenorio), presents the following issues for our review:
I
In a workers' compensation case, is an application for permanent partial disability, pursuant to W.S. § 27-14-405, an application for additional benefits based upon an "increase" in incapacity due solely to the injury pursuant to the "reopening" statute found at W.S. § 27-14-605?
II
Does the doctrine of res judicata preclude an inquiry regarding compensability of the injury after compensability has been determined regarding claims for medical and temporary total disability for the same injury?
Appellee, the Wyoming Workers' Compensation Division (the Division), phrases the debate as a single issue:
Whether the hearing examiner erred in ruling that the Division's payment of medical and temporary total disability benefits for a work injury estopped it from denying permanent disability benefits and relieved Claimant of her burden of proving her permanent physical impairment resulted from her work accident.

II. FACTS
Tenorio was injured in a work-related accident in January 1989. The Division paid for various medical treatments, including surgeries to Tenorio's cervical spine and shoulder. The Division also paid for temporary total disability during certain periods of time between 1989 and 1994. In early 1995, Tenorio reached maximum medical improvement and filed a claim for permanent partial disability of twenty percent. The Division contested Tenorio's claim, alleging that the permanent partial disability was not due solely to her work-related injury but was caused, at least in part, from a subsequent car accident in 1991.
A contested case hearing was held on April 25, 1995. The hearing examiner made no findings regarding the cause of the twenty percent disability; instead, he reasoned as follows:
The Division has raised the issue as to whether the employee/claimant's permanent impairment is a result of the industrial accident or exposure. As the Division has paid for the surgeries and temporary total disability in this case, the employee is not required to prove that her permanent physical impairment is a result of the industrial accident or work exposure.
The Division appealed the order granting benefits to the district court, which reversed the hearing examiner's decision on procedural and substantive grounds. The district court found that Tenorio's current claim for permanent partial disability should have been a petition for modification or additional benefits brought pursuant to Wyo.Stat. § 27-14-605 (1991), which requires a claimant to prove an increase in incapacity due solely to the work-related injury. Therefore, the district court determined that the hearing examiner erred when finding that Tenorio need only show "maximum medical improvement." The district court also found that the Division's previous payments for medical treatment and temporary total disability did not preclude the Division from raising the issue of intervening cause in the determination of *237 whether the permanent physical impairment resulted solely from the work-related injury. Consequently, the district court reversed and remanded the case for further action. This timely appeal followed.

III. STANDARD OF REVIEW
The issues on appeal are a matter of law. Pursuant to W.R.A.P. 12.09, our review of an agency action is in accordance with Wyo.Stat. § 16-3-114(c)(ii)(A) (1990) which requires a reviewing court to "[h]old unlawful and set aside agency action, findings and conclusions found to be * * * [a]rbitrary, capricious, an abuse of discretion or otherwise not in accordance with law[.]" We accord no special deference to the conclusions of the district court, instead reviewing the action as if it came to us directly from the agency. Martinez v. State ex rel. Wyoming Workers' Compensation Div., 917 P.2d 619, 621 (Wyo.1996); Wyoming Steel & Fab, Inc. v. Robles, 882 P.2d 873, 875 (Wyo.1994). If the agency's conclusions of law are correct, its decision will be affirmed. Martinez, 917 P.2d at 621; Matter of Corman, 909 P.2d 966, 970 (Wyo.1996). If the agency has not invoked and applied the correct rule of law, we correct it. Martinez, 917 P.2d at 621; Matter of Gneiting, 897 P.2d 1306, 1308 (Wyo.1995).

IV. DISCUSSION
The parties take exception to the district court's comment that they "reexamine the procedural posture of this case" and on remand, bring Tenorio's claim as a request for benefit modification or increase under Wyo.Stat. § 27-14-605(a). The parties contend that Tenorio's first application for permanent benefits pursuant to Wyo.Stat. § 27-14-405 (1991) is a new claim for benefits which does not entail "an increase or decrease" in disability, but a determination as to the permanent effect of the original disability, thus rendering Wyo.Stat. § 27-14-605(a) inapplicable to this case. We agree.
Initially, we note that the determination of the claimant's rights is guided by the statute in effect at the time the injury occurred in January 1989. State ex rel. Director, Worker's Compensation Division v. Tallman, 589 P.2d 835, 838 (Wyo.1979). As it does today, the Wyoming Worker's Compensation Act authorized several separate categories of benefits: medical benefits; temporary total disability benefits; permanent disability benefits; and death benefits. Wyo.Stat. §§ 27-14-401 through XX-XX-XXX (1991). Wyo.Stat. § 27-14-605(a) generally set forth the basis for modification of, or an addition to, benefits which were previously awarded. We have characterized this provision as allowing a "reopening" of the claimant's case upon a showing of an increase or decrease in benefits, fraud, or mistake. Stockdale v. Transystems Services, Inc., 908 P.2d 980, 982 (Wyo.1995).
When a claimant sustains permanent impairment from the injury after receiving total temporary benefits, however, the legislature has expressly provided for a transition from temporary to permanent benefits. Wyo.Stat. § 27-14-404(c) mandates the cessation of payments for total temporary benefits when the employee's recovery is complete, or as in this case, when "[t]he employee has an ascertainable loss and qualifies for [permanent] benefits under W.S. XX-XX-XXX or XX-XX-XXX." An "ascertainable loss" is
that point in time in which it is apparent that permanent physical impairment has resulted from a compensable injury, the extent of the physical impairment due to the injury can be determined and the physical impairment will not substantially improve or deteriorate because of the injury[.]
Wyo.Stat. § 27-14-102(a)(ii) (1991). Wyo. Stat. § 27-14-405(a) states, in relevant part:
Subject to W.S. XX-XX-XXX, upon receipt of a physical impairment rating * * * an employee shall receive compensation for specific losses provided by this section. * * * An employee shall not receive compensation authorized under this section while receiving benefits under W.S. XX-XX-XXX or XX-XX-XXX.
Thus, Tenorio's case was not "reopened" under Wyo.Stat. § 27-14-605, but proceeded as specifically required by Wyo.Stat. §§ 27-14-404(c) and 27-14-405(a).
*238 Although Tenorio's request for permanent partial disability benefits under Wyo. Stat. § 27-14-405 arose after her award of temporary benefits, this does not relieve her of showing a causal relationship between the work-related injury and the permanent impairment. A worker's compensation claimant must prove each essential element of her claim by a preponderance of the evidence. Martinez, 917 P.2d at 621; Pittman v. State ex rel. Wyoming Workers' Compensation Div., 917 P.2d 614, 617 (Wyo.1996). To receive permanent partial disability benefits, Wyo.Stat. § 27-14-404(c) required Tenorio to show not only that she had suffered a permanent impairment which would not substantially change in the future, but also the extent to which the permanent impairment resulted from the compensable injury.
Tenorio contends that when the Division and her employer failed to object to her award of medical and temporary total disability benefits after knowledge of her car accident, any issue relating to the impact of the car accident on her work-related injury was necessarily decided in her favor. She argues that the uncontested award is a final determination as to all issues which could have been raised at that time. Tenorio's argument relies on Wyo.Stat. § 27-14-606 (1991), which provides:
Each determination or award within the meaning of this act is an administrative determination of the rights of the employer, the employee and the disposition of money within the worker's compensation account as to all matters involved. No determination shall be final without notice and opportunity for hearing as required by this act.
Thus, Tenorio concludes that the Division and her employer are precluded by the operation of res judicata and collateral estoppel from challenging the causation of her current claim.
The doctrines of res judicata and collateral estoppel incorporate "`a universal precept of common-law jurisprudence * * *'" that a right, question or fact put in issue, and directly determined by a court of competent jurisdiction, cannot be disputed in a subsequent suit by the same parties or their privies. Matter of Paternity of SDM, 882 P.2d 1217, 1220 (Wyo.1994) (quoting Delgue v. Curutchet, 677 P.2d 208, 213-14 (Wyo.1984)).[1] While the interests of finality served by these doctrines are the same, this court has carefully distinguished the two:
[A]lthough many cases speak of res judicata in the administrative context, they actually apply collateral estoppel. * * * Collateral estoppel is the appropriate doctrine since collateral estoppel bars relitigation of previously litigated issues. * * * Res judicata on the other hand bars relitigation of previously litigated claims or causes of action.
Slavens v. Board of County Com'rs for Uinta County, 854 P.2d 683, 685-86 (Wyo.1993) (emphasis in original). Here, Tenorio's claim for permanent partial disability benefits is a new claim which has not been the subject of a previous determination. Martinez, 917 P.2d at 622; Herring v. Welltech, Inc., 660 P.2d 361, 366 (Wyo.1983); see also Mattis v. Husky RMP Properties, Inc., 790 P.2d 1279, 1282 (Wyo.1990). Rather, Tenorio argues that the issue of the impact of her car accident has reached finality. Therefore, res judicata does not apply and collateral estoppel is the appropriate doctrine for our consideration.
Generally, four factors are considered when determining the application of collateral estoppel:
"(1) whether the issue decided in the prior adjudication was identical with the issue presented in the present action; (2) whether the prior adjudication resulted in a judgment on the merits; (3) whether the party against whom collateral estoppel is *239 asserted was a party or in privity with a party to the prior adjudication; and (4) whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior proceeding."
Kahrs v. Board of Trustees for Platte County School Dist. No. 1, 901 P.2d 404, 406 (Wyo.1995) (quoting Slavens, 854 P.2d at 686). Tenorio correctly asserts that each of these factors are present in her case: the parties are the same; the Division's determinations post-1991 for full payment of total temporary disability benefits necessarily included the conclusion that the 1991 car accident did not have any impact on the extent of her injuries at that time; and her employer had numerous opportunities to fully and fairly litigate this issue each time a claim for benefits was received after the employer learned of the car accident.
However, as a common law doctrine, collateral estoppel may be modified in applicability and scope by statute. Astoria Federal Sav. and Loan Ass'n v. Solimino, 501 U.S. 104, 111 S.Ct. 2166, 115 L.Ed.2d 96 (1991); II Kenneth C. Davis and Richard J. Pierce, Jr., Administrative Law Treatise, § 13.3 at 256 (3rd ed. 1994). "Although administrative estoppel is favored as a matter of general policy, its suitability may vary according to the specific context of the rights at stake, the power of the agency, and the relative adequacy of agency procedures." Solimino, 501 U.S. at 109-110, 111 S.Ct. at 2170. "Courts do not * * * have free rein to impose rules of preclusion, as a matter of policy, when the interpretation of a statute is at hand." Id. at 108, 111 S.Ct. at 2169.
In this case, the right at stake is an award of future worker's compensation benefits based on an uncontested award of prior benefits. Pursuant to our holdings in Martinez, 917 P.2d 619 and Herring, 660 P.2d 361, we conclude that the legislature did not intend the Division's uncontested award of benefits to rise to the level of a "final adjudication" necessary to apply the doctrine of issue preclusion to outstanding claims for worker's compensation benefits.
In Herring, construing the 1983 provisions of the Act, we held that an employer (and in turn, the Division) could not dispute that an injury was work-related when there has been an acknowledgment to the contrary and approval of benefit payments, except in those situations within the ambit of the "reopening" statute. Herring, 660 P.2d at 366. We further held, however, that the statutory right to a hearing for "each award of compensation or allowance of any expense claim" preserved the employer's right to challenge the propriety of future claims on the basis of causation. Id.
In Martinez, we found that the clear language of Wyo.Stat. § 27-14-606 and this court's decisions interpreting that statute required the employee/claimant to prove that he was entitled to receive benefits for all outstanding claims despite previous awards for the same injury.
It is true in the case at bar that the employer and the Workers' Compensation Division did not contest the compensability of the initial injury. In fact, the employer signed the consent and waiver form, consenting to the first payment of temporary total disability benefits to the employee. We agree that the employer and the Workers' Compensation Division were estopped from contesting the compensability of the initial injury * * *. However, as we explained earlier in this opinion, the same analysis does not apply to the employee's outstanding claims. Since each new claim or award involved a separate administrative determination under § 27-14-606, the employer and the Workers' Compensation Division were entitled to contest the employee's outstanding claims by arguing that [another incident] caused his current disability.

Martinez, 917 P.2d at 622 (emphasis added).
The application of collateral estoppel to the Division's uncontested determinations requires a legislative intent that the issue has reached "a final adjudication on the merits." To the contrary, however, we have recognized that to place finality on the employer's ability to dispute an employee's right to receive benefits on any further claims after the employee's first claim has been approved "would effectively nullify the provisions of *240 § 27-14-606." Martinez, 917 P.2d at 621. So too, we must recognize the legislature's intent to provide a distinct forum for "a final adjudication on the merits." When the legislature provided for a continuing right to notice and hearing with the submission of each claim, it provided a distinct forum for contested cases. In any contested case, "[t]he hearing examiner has exclusive jurisdiction to make the final administrative determination of the validity and amount of compensation payable under [the workers' compensation] act." Wyo.Stat. § 27-14-602(c) (1991). Were we to apply collateral estoppel to the uncontested factual determinations of the Division in future claims for benefits which are contested, we would nullify the legislature's express intent that the hearing examiner be the final arbiter on the merits of a contested case.
Tenorio argues that this construction ignores precedent in which we have given uncontested determinations the same deference as those which were contested. In Wyoming State Treasurer, Worker's Compensation Division v. Svoboda, 573 P.2d 417, 419-20 (Wyo.1978), we held:
Whether a claim is adjudicated under the formal-dispute procedures, or informally by the clerk of the district courtwhere there is no employer objectionthe character of the award as a judicial determination is not changed.
The basis for our holding was the necessary finality given to a judicial determination of the district court. However, in 1986, the entire Wyoming Workers' Compensation Act was revised. "As part of the 1986 revision, worker's compensation decisions were entrusted to the executive branch of government" and the term "judicial determination" was replaced with the term "administrative determination." State ex rel. Wyoming Workers' Compensation Div. v. Jerding, 868 P.2d 244, 248-49 (Wyo.1994). This represented a substantive change in the application of legal rules and principles. Id. Thus, collateral estoppel afforded to a judicial determination under the former statute does not necessarily apply to an administrative determination under the revised statute.
The test is whether the common law rule of preclusion would be consistent with the legislature's intent when enacting the Wyoming Workers' Compensation Act. Solimino, 501 U.S. at 108, 111 S.Ct. at 2169-2170. In addition to the specific provisions discussed above, the purpose of the Wyoming Workers' Compensation Act is to provide benefits as quickly and efficiently as possible to those employees who are lawfully entitled to receive them. Were the employer collaterally estopped from raising the issue of causation after approving the payment of an initial claim, an objection would arise whenever there was the slightest doubt as to causation. As a result, the swift payment of legitimate claims may be substantially delayed.
For these reasons, we hold that the application of collateral estoppel to the Division's uncontested award of benefits in subsequent proceedings for outstanding claims is contrary to the intent of the legislature. In so holding, we do not ignore Tenorio's legitimate concern that an employer may withhold its objection to benefits, the event which triggers the employee's right to a hearing, until the employee's witnesses are absent, their memories fade, or the evidence stale. While we do not disagree that the possibility of mischief is present, there is no evidence in this case that Tenorio was the victim of any such abuse.
In summary, the statutory language of the Wyoming Workers' Compensation Act confers finality on the benefits paid to the employee through uncontested determinations, subject to the exceptions found in Wyo.Stat. § 27-14-605. However, there is nothing in the statutory language that guarantees a claimant future benefits on the basis of a prior award. Neither is there any public policy which favors the payment of an unjustified worker's compensation claim.
In this case, the Division does not contest the compensability of Tenorio's original claim nor does it seek to retract any payments already made to Tenorio. The Division contests only future permanent partial disability payments. Therefore, the district court correctly concluded that Tenorio must prove that the extent of her current claim is the *241 result of her work-related injury. Similarly, the effect of the subsequent car accident on the injuries claimed by Tenorio has not been the subject of a final adjudication on the merits before a hearing examiner. The previous failure to object to an award of benefits does not estop the presentation of evidence that Tenorio's car accident was the cause, or partial cause, of her current permanent disability.

V. CONCLUSION
The district court is affirmed and the order granting benefits entered by the hearing examiner is remanded for further action consistent with this opinion.
NOTES
[1] We have applied the doctrines of res judicata and collateral estoppel in worker's compensation claims adjudicated before the Office of Administrative Hearings. Matter of Worker's Compensation Claim of Hemme, 914 P.2d 824, 827 (Wyo.1996); Stockdale, 908 P.2d at 983; Matter of Swasso, 751 P.2d 887, 890-91 (Wyo.1988). We have also held that the Division is estopped, subject to the provisions of Wyo.Stat. § 27-14-605(a), from redetermining the compensability of an injury as it relates to claims which have been approved or paid. Martinez, 917 P.2d at 622; Herring v. Welltech, Inc., 660 P.2d 361, 366 (Wyo.1983).