2010 WY 166

**Carol JOHNSON, Appellant (Petitioner),**

v.

**STATE of Wyoming, ex rel., WYOMING WORKERS' SAFETY AND COMPENSATION DIVISION, Appellee (Respondent).**

**No. S-10-0098.**

Supreme Court of Wyoming.

Dec. 17, 2010.

---

1. The *Meeker* decision does not discuss this stat-     ute.

Representing Appellant: Kenneth DeCock of Plains Law Offices, LLP, Gillette, Wyoming.

Representing Appellee: Bruce A. Salzburg, Wyoming Attorney General; John W. Renneisen, Deputy Attorney General; James Michael Causey, Senior Assistant Attorney General; and Kelly Roseberry, Assistant Attorney General.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

HILL, Justice.

[¶ 1] Carol Johnson challenges a Medical Commission decision denying her preauthorization for shoulder surgery, after the Wyoming Workers' Safety & Compensation Division (Division) granted her benefits for both shoulders. We affirm.

## ISSUE

[¶ 2]  Johnson has only one issue before this Court:

Did the Medical Commission have jurisdiction to address the issue of the compensability of the original injury after the employer and the Division agreed the injury was compensable and the Division paid benefits toward the injury?

## FACTS

[¶ 3]  For over ten years, Carol Johnson has been employed as a custodian by Campbell County School District Number One. Her duties included vacuuming, mopping, and lifting.  In 2006, Johnson began experiencing pain in her right shoulder.  She used her left arm to compensate for the pain, and as a result, began experiencing pain in her left shoulder as well.

[¶ 4]  In May of 2008, Johnson filed an injury report asserting that her bilateral shoulder pain was caused by her employment.  The Division issued a "Final Determination" opening a case and granting benefits for both shoulders.  In July of 2008, the Division authorized surgery for Johnson's right shoulder, and Johnson underwent surgery the following month.  In October of 2008, Johnson requested preauthorization for surgery on her left shoulder, but the Division denied Johnson's request.  She objected, and the matter was referred to the Medical Commission.

[¶ 5]  In July of 2009, the Medical Commission conducted a contested case hearing, where Johnson argued that the proposed surgery was related to her work injury.  She contended that the Division should be estopped from asserting that she did not suffer a work injury.  The Medical Commission denied benefits, and the district court affirmed that decision.  This appeal followed.

## STANDARD OF REVIEW

[¶ 6]  The applicable standard of review is that set out in *Dale v. S & S Builders, LLC,* 2008 WY 84, ¶¶ 22–25, 188 P.3d 554, 561 (Wyo.2008):

[T]he substantial evidence standard will be applied any time we review an evidentiary ruling.  When the burdened party prevailed before the agency, we will determine if substantial evidence exists to support the finding for that party by considering whether there is relevant evidence in the entire record which a reasonable mind might accept in support of the agency's conclusions.  If the hearing examiner determines that the burdened party failed to meet his burden of proof, we will decide whether there is substantial evidence to support the agency's decision to reject the evidence offered by the burdened party by considering whether that conclusion was contrary to the overwhelming weight of the evidence in the record as a whole.  See, *Wyo. Consumer Group v. Public Serv. Comm'n of Wyo.,* 882 P.2d 858, 860–61 (Wyo.1994); [*Board of Trustees, Laramie County School Dist. No. 1 v.*] *Spiegel,* 549 P.2d [1161], at 1178 [ (Wyo.1976) ] (discussing the definition of substantial evidence as "contrary to the overwhelming weight of the evidence").  If, in the course of its decision making process, the agency disregards certain evidence and explains its reasons for doing so based upon determinations of credibility or other factors contained in the record, its decision will be sustainable under the substantial evidence test.  Importantly, our review of any particular decision turns not on whether we agree with the outcome, but on whether the agency could reasonably conclude as it did, based on all the evidence before it.

The arbitrary and capricious standard remains a " 'safety net' to catch agency action which prejudices a party's substantial rights or which may be contrary to the other W.A.P.A. review standards yet is not easily categorized or fit to any one particular standard." *Newman* [*v. State ex rel. Wyoming Workers' Safety and Compensation Div.,* 2002 WY 91], ¶ 23, 49 P.3d [163], at 172 [ (Wyo.2002) ].  Although we explained the "safety net" application of the arbitrary and capricious standard in *Newman,* we will refine it slightly here to more carefully delineate that it is not meant to apply to true evidentiary questions.  In-

stead, the arbitrary and capricious standard will apply if the hearing examiner refused to admit testimony or documentary exhibits that were clearly admissible or failed to provide appropriate findings of fact or conclusions of law. This listing is demonstrative and not intended as an inclusive catalog of all possible circumstances. *Id.*

There will be times when the arbitrary and capricious standard appears to overlap with some of the other standards. For example, a decision against the great weight of the evidence might properly be called arbitrary or capricious in everyday language. However, the words "arbitrary" and "capricious" must be understood in context as terms of art under the administrative review statute and should not be employed in areas where the more specifically defined standards provide sufficient relief.

In summary, while we believe *Newman* was analytically correct and supported by relevant authorities, application of the different standards of review to evidentiary matters proved confusing and led to arguably inconsistent decisions. Thus, we take this opportunity to diverge somewhat from *Newman* in order to simplify the process of determining the proper standard of review for both litigants and courts. In the future, we will apply the substantial evidence standard anytime we are reviewing an evidentiary issue.

We review an agency's conclusions of law de novo, and we will affirm such legal conclusions only if they are in accordance with law. *Dale*, ¶ 26, 188 P.3d at 561–62.

## DISCUSSION

[¶ 7] Johnson's sole issue on appeal is that the Medical Commission lacked jurisdiction to determine the compensability of her injury, and that since the employer and the Division agreed that she suffered a compensable injury, the Medical Commission should not have "re-determined" compensability. Johnson asserts that the Medical Commission should have only answered this question: whether the proposed shoulder surgery was reasonably related to the work injury. In response, the Division argues that the issue before the Medical Commission was not whether the injury was compensable, but rather whether or not Johnson's proposed surgery should be paid for. The Division argues that Johnson is required to prove each claim that arises, and that she was not guaranteed any future benefits on the basis of any prior award.

[¶ 8] Wyo. Stat. Ann. § 27–14–606 (LexisNexis 2009) states:

§ 27–14–606. Determination and awards are administrative determination as to all parties; notice and hearing requirements.

Each determination or award within the meaning of this act is an administrative determination of the rights of the employer, the employee and the disposition of money within the worker's compensation account as to all matters involved. No determination shall be final without notice and opportunity for hearing as required by this act.

[¶ 9] In analyzing this statute, we have said:

[T]he employee [bears] the usual burden of proving that he [is] entitled to receive benefits for his outstanding claims. To place the burden of proof on the employer to dispute an employee's right to receive benefits on any further claims after the employee's first claim has been approved would effectively nullify the provisions of § 27–14–606.

*In re Worker's Comp. Claim of David v. State ex rel., Wyo. Workers' Safety and Comp. Div.*, 2007 WY 22, ¶ 9, 151 P.3d 280, 286 (Wyo.2007) (emphasis in original). Furthermore,

[s]ince each new claim or award involves a separate administrative determination under § 27–14–606, the claimant is required to prove that he or she is entitled to receive benefits for all outstanding claims even if he or she has received previous awards for the same injury.

*Id.*, ¶ 9, 151 P.3d at 287 (citing *Martinez v. State ex rel. Wyo. Workers' Comp. Div.*, 917 P.2d 619, 621–622 (Wyo.1996)).

[¶ 10] *Tenorio v. State ex rel. Wyo. Workers' Comp. Div.*, 931 P.2d 234, 239 (Wyo. 1997), echoed the foregoing sentiment. There, the Division contested future payment of benefits, but did not contest the compensability of the claimant's original claim, nor did it seek to retract any payments previously made to the claimant. The claimant argued that the Division was precluded by the operation of collateral estoppel from challenging the causation of her then current claim, an argument which this Court rejected.

[¶ 11] As in *David, Martinez,* and *Tenorio, supra,* each of Johnson's claims are independent of each other, regardless of whether her case remains open with the Division. In Johnson's case, the Medical Commission found as follows:

9. Johnson has not met her burden of proof under W.S. § 27–14–603(a). She has not established (i) a direct causal connection between the condition or circumstances under which the work is performed and the injury; (ii) that the injury can be seen to have followed as a natural incident of the work as a result of the employment; (iii) the injury can fairly be traced to the employment as a proximate cause; (iv) the injury does not come from a hazard to which she would have been equally exposed outside of the employment; and (v) the injury is incidental to the character of the business and not independent of the relation of employer and employee. The proof offered by Johnson falls far short of the required standard.

There are material non-employment causative factors which contribute to her left shoulder problems and claimed need for surgery including the wear and tear that can occur living and working for 69 years, natural degeneration, ongoing shoulder problems that go back to 1989 which predate her employment with the Employer, and a long history of smoking. Even Dr. Murphy acknowledges these as contributing factors. Likewise, Dr. Ruttle believes her shoulder problem is related to age, smoking, and is unrelated to her work. Drs. Whipp and Rangitsch denied the preauthorization in part, as no connection was shown between Johnson's employment and the proposed surgery.

10. The Panel finds that Johnson has not met her burden of proof that the proposed shoulder surgery is related to her employment. Therefore, the benefits in issue must be denied.

[¶ 12] Receiving a prior award of benefits for her right shoulder did not guarantee Johnson future benefits for her left shoulder. Whenever there is an application for new benefits, the Division may require the claimant to illustrate that the injury was work-related. Contrary to Johnson's argument that the Medical Commission lacked jurisdiction over the question of whether Johnson sustained a work-related injury, we conclude that the actual determination made by the Medical Commission was whether or not her shoulder surgery should be covered. Because Johnson did not show her left shoulder surgery was related to her employment, her claim was properly denied. As we stated in *Tenorio,* "[T]he legislature did not intend the Division's uncontested award of benefits to rise to the level of a 'final adjudication' necessary to apply the doctrine of issue preclusion to outstanding claims for worker's compensation benefits." *Id.,* 931 P.2d at 239.

## CONCLUSION

[¶ 13] We conclude that the Medical Commission had jurisdiction to address the issue of the compensability of Ms. Johnson's original injury. Affirmed.